STATE of Wisconsin, Plaintiff-Respondent-Petitioner,

v.

James ALSTEEN, Defendant-Appellant.

Supreme Court

*No. 81–345–CR. Argued September 9, 1982.—*
*Decided October 5, 1982.*

(Also reported in 324 N.W.2d 426.)

For the plaintiff-petitioner the cause was argued by *Kirbie Knutson,* assistant attorney general, with whom on the brief was *Bronson C. La Follette,* attorney general.

For the defendant-appellant there was a brief and oral argument by *Steven D. Phillips,* assistant state public defender.

WILLIAM G. CALLOW, J.   This is a review of a decision of the court of appeals reversing a judgment of conviction for second-degree sexual assault and remanding the matter to the circuit court for a new trial. The judgment of conviction was entered by the Oneida county circuit court, Hon. Timothy L. Vocke, Circuit Judge for Vilas county, presiding. We affirm the decision of the court of appeals.

On the evening of December 1, 1979, the complainant Tammy Norton, then fifteen years of age, and her boyfriend, Michael Justice, rode from the town of Sugar Camp to nearby Rhinelander with the defendant, James Alsteen. After spending some time in Rhinelander, Alsteen agreed to take Norton and Justice home. Alsteen dropped Justice off first at approximately 1 a.m. on December 2, 1979. Upon leaving Justice's house, Alsteen proceeded to a rural road where he had sexual intercourse with Norton.[1]   Alsteen then drove Norton home at about 3:30 a.m. When she got home, Norton told her mother that Alsteen had raped her. On December 3, 1979, a criminal complaint was filed alleging that Alsteen had committed second-degree sexual assault in violation of sec. 940.225 (2) (e), Stats.[2]   Alsteen admitted having sex-

---

[1] It must be noted that the two accounts of this incident adduced at trial were vastly different. Norton testified at trial that Alsteen forceably raped her. She denied that she consented to have intercourse with Alsteen. She testified that she screamed and resisted Alsteen's efforts to pull her down on the car seat and roll her over on her back. According to Norton, Alsteen then pulled down her pants and raped her. Alsteen, on the other hand, testified that Norton was a willing participant in the act. He stated that Norton pulled down her own pants and willingly shifted her position in order to facilitate sexual intercourse.

[2] Sec. 940.225 (2) (e), Stats., provides:

"(2) SECOND DEGREE SEXUAL ASSAULT. Whoever does any of the following is guilty of a class C felony:

". . . .

ual intercourse with Norton but claimed that she consented to the act.

Prior to trial the state gave notice of its intent to introduce evidence of Alsteen's other crimes and sexual misconduct. Four prospective witnesses were presented by the state. After hearing voir dire and arguments of counsel, Judge Vocke permitted two of the witnesses to testify to their knowledge of Alsteen's prior acts. This testimony was apparently admitted under one of the exceptions to sec. 904.04(2), Stats.[3] Judge Vocke did not, however, state clearly on the record which specific exception applied.

The first witness, R. B., testified that on May 15, 1972, he arrived home early from work to find Alsteen in bed with his eleven-year-old daughter. She was nude, lying under Alsteen. R. B. first testified that Alsteen was fully clothed except that his pants were undone. On cross-examination, however, R. B. said that he could not be sure if Alsteen's pants were undone. When R. B. walked into the room, Alsteen quickly jumped up and left the premises.

The second witness was Linda Slack. She testified that on September 23, 1976, both she and Alsteen were at a party at the Starks Town Hall. Slack got into a fight with her boyfriend and left the party at about midnight. She ran down the road outside the hall and fell,

---

"(e) Has sexual contact or sexual intercourse with a person who is over the age of 12 years and under the age of 18 years without consent of that person, as consent is defined in sub. (4)."

[3] Sec. 904.04(2), Stats., provides:

"(2) OTHER CRIMES, WRONGS, OR ACTS. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. This subsection does not exclude the evidence when offered for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

spraining her ankle. Alsteen later drove by and offered her a ride. Slack accepted. After driving only a short distance, Alsteen stopped the car and had sexual intercourse with Slack, despite her objections and resistance. After the incident, Alsteen drove Slack home.

On June 7, 1980, the jury found Alsteen guilty of second-degree sexual assault in violation of sec. 940.225(2) (e), Stats. On August 25, 1980, the trial court entered a judgment of conviction and sentenced Alsteen to a prison term of five years. On February 18, 1981, Alsteen filed a notice of appeal from the judgment of conviction.

On appeal Alsteen argued, among other things, that the trial court erred in admitting the testimony relating to his other acts of sexual misconduct. The court of appeals reversed the judgment of the trial court and remanded the matter for a new trial on the ground that Judge Vocke's admission of the testimony of R. B. and Linda Slack was prejudicial error within sec. 904.04(2), Stats. We granted the state's petition for review.

The sole issue presented on this review is whether it was error for the trial court to admit evidence concerning prior acts of sexual misconduct allegedly committed by the defendant.

In reviewing evidentiary issues, "[t]he question on appeal is not whether this court, ruling initially on the admissibility of the evidence, would have permitted it to come in, but whether the trial court exercised its discretion in accordance with accepted legal standards and in accordance with the facts of record." *State v. Wollman*, 86 Wis. 2d 459, 464, 273 N.W.2d 225 (1979). This court will not find an abuse of discretion if there is a reasonable basis for the trial court's determination. *Boodry v. Byrne*, 22 Wis. 2d 585, 589, 126 N.W.2d 503 (1964). However, "there should be evidence in the record that discretion was in fact exercised and the basis of that ex-

ercise of discretion should be set forth." *State v. Hutnik,* 39 Wis. 2d 754, 764, 159 N.W.2d 733 (1968).

"Unless there is evidence that the trial judge has undertaken a reasonable inquiry and examination of the facts as the basis of his decision, his decision will be disregarded by this court. Such a decision on its face shows an abuse of discretion for failure to exercise discretion."

*McCleary v. State,* 49 Wis. 2d 263, 277–78, 182 N.W.2d 512 (1971).

In the instant case the record indicates that, while the trial court considered relevant Wisconsin case law in finding the evidence of Alsteen's prior acts admissible, it failed to identify the specific exception to sec. 904.04(2), Stats., upon which it based its decision. Nor did the trial court set forth a reasoned explanation for its conclusion that such evidence was relevant or that its probative value outweighed its prejudicial effect. The failure of the trial court to set forth its reasoning requires us to independently review the evidence to determine whether it supports the trial court's decision. *McCleary v. State, supra* at 277; *see also Hammen v. State,* 87 Wis. 2d 791, 800, 275 N.W.2d 709 (1979).

The general rule in Wisconsin is that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith." Sec. 904.04(2), Stats. In *Whitty v. State,* 34 Wis. 2d 278, 292, 149 N.W.2d 557 (1967), *cert. denied,* 390 U.S. 959 (1968), this court set forth four reasons for excluding such evidence:

"(1) The overstrong tendency to believe the defendant guilty of the charge merely because he is a person likely to do such acts; (2) the tendency to condemn not because he is believed guilty of the present charge but because he has escaped punishment from other offenses; (3) the injustice of attacking one who is not prepared to demonstrate the attacking evidence is fabricated; and (4) the

confusion of issues which might result from bringing in evidence of other crimes."

There are, however, several exceptions to the general rule prohibiting evidence of other misconduct. Sec. 904.-04(2), Stats., provides that such evidence is admissible as "proof of motive, opportunity, intent, preparation, plan, knowledge, or absence of mistake or accident."

We have held that trial courts must apply a two-prong test in determining whether "other crimes" evidence is admissible. *State v. Spraggin*, 77 Wis. 2d 89, 95, 252 N.W. 2d 94 (1977) ; *Hammen v. State*, 87 Wis. 2d at 798. The first prong requires the trial court to find that the evidence fits within one of the exceptions stated in sec. 904.-04(2), Stats. Under the second prong, the trial court must exercise its discretion to determine whether any prejudice resulting from such evidence outweighs its probative value. Sec. 904.03, Stats.[4] These are not, however, the only determinations that the trial court must make before admitting evidence of other crimes or acts. Implicit within our two-prong analysis is the requirement that other crimes evidence be relevant to an issue in the case. Indeed, in order to be properly admissible, all evidence must meet this standard of relevance. In *Shapiro v. Klinker*, 257 Wis. 622, 626–27, 44 N.W.2d 622 (1950), this court adopted portions of 1 Jones, *Evidence* sec. 137 (4th ed. 1938), including the following:

" 'In determining a dispute concerning the relevancy of proffered evidence, the question to be resolved is as to whether there is a logical or rational connection between

---

[4] Sec. 904.03, Stats., provides: "Exclusion of relevant evidence on grounds of prejudice, confusion, or waste of time. Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

the fact which is sought to be proved and a matter of fact which has been made an issue in the case.' "

*See also Hart v. State,* 75 Wis. 2d 371, 386, 249 N.W.2d 810 (1977). This statement is in accord with our current Rules of Evidence. Sec. 904.01, Stats., provides:

" 'Relevant evidence' means evidence having any tendency to make the existence of any *fact that is of consequence* to the determination of the action more probable or less probable than it would without the evidence." (Emphasis added.)

In discussing this rule, we stated that "[a]ny fact which tends to prove a material issue is relevant." *Rogers v. State,* 93 Wis. 2d 682, 688, 287 N.W.2d 774 (1980). Under sec. 904.02, Stats., however, "[e]vidence which is not relevant is not admissible."[5] Therefore, evidence which does not have a tendency to prove any fact that is of consequence to a material issue in the case is irrelevant and should be excluded.

After reviewing the record, we conclude that evidence of Alsteen's prior acts was improperly admitted by the trial court. The testimony of R. B. and Linda Slack was not relevant to any issue in the case. Because Alsteen admitted having sexual intercourse with Norton, the only issue was whether Norton consented to the act. Evidence of Alsteen's prior acts has no probative value on the issue of Norton's consent. Consent is unique to the individual. "The fact that one woman was raped . . . has no tendency to prove that another woman did not consent." *Lovely v. United States,* 169 F.2d 386, 390 (4th Cir 1948).

---

[5] Sec. 904.02, Stats., provides: "**Relevant evidence generally admissible; irrelevant evidence inadmissible.** All relevant evidence is admissible, except as otherwise provided by the constitutions of the United States and the state of Wisconsin, by statute, by these rules, or by other rules adopted by the supreme court. Evidence which is not relevant is not admissible."

Thus the testimony of R. B. and Linda Stack was irrelevant and should have been excluded.

The state relies upon this court's decision in *State v. Tarrell*, 74 Wis. 2d 647, 247 N.W.2d 696 (1976), as authority for admitting evidence of Alsteen's prior acts. According to the state, such evidence is admissible for the purpose of proving that Alsteen had a general scheme or plan within sec. 904.04(2), Stats. The state's reliance upon *Tarrell* is misplaced. Regardless of whether the evidence fits within an exception to sec. 904.04(2), it must be relevant to an issue in the case to be admissible.[6] *Tarrell* is distinguished by the fact that the other crimes evidence admitted therein had a tendency to prove a material issue. In *Tarrell* the issue was whether the defendant was the individual who sexually assaulted the complainant. By contrast, the only issue in the instant case was whether Norton consented to having sexual intercourse with Alsteen. Evidence of prior acts may be relevant to prove the identity of a sex offender. As already noted, however, such evidence has no probative value on the issue of the complainant's consent. Because of this difference, *Tarrell* is not persuasive authority in the instant case.

Since we find that the evidence of Alsteen's prior acts was improperly admitted, we must determine whether this error was prejudicial. Although the trial court instructed the jury that evidence of Alsteen's prior acts was not to be used to prove Alsteen's guilt, we cannot conclude that the error was harmless beyond a reasonable doubt. *Chapman v. California*, 386 U.S. 18, 23–26 (1967). Such evidence is often highly prejudicial. As noted by

---

[6] It should be noted that we do not determine whether the evidence of Alsteen's prior acts fits within one of the exceptions to sec. 904.04(2), Stats., because we find that such evidence should have been excluded on grounds of relevancy within sec. 904.02.

this court long ago in *Paulson v. State,* 118 Wis. 89, 99, 94 N.W. 771 (1903):

"In a doubtful case even the trained judicial mind can hardly exclude the fact of previous bad character or criminal tendency, and prevent its having effect to swerve such mind toward accepting conclusion of guilt. Much less can it be expected that jurors can escape such effect."

The trial court's admission of the testimony of R. B. and Linda Slack was prejudicial error warranting a new trial.

*By the Court.*—The decision of the court of appeals is affirmed.

BEILFUSS, C.J., took no part.

SHIRLEY S. ABRAHAMSON, J. *(concurring).* At oral argument the state urged this court to overrule, not distinguish, *State v. Tarrell,* 74 Wis. 2d 647, 247 N.W.2d 696 (1976). The state is correct that *Tarrell* cannot be distinguished and that it is misleading to trial courts and to counsel for this court to keep alive the rule of law set forth in *Tarrell* regarding prior crime evidence.

The majority is correct that identity was an issue in *Tarrell* and is not an issue here. But in *Tarrell* the court did not approve the admission of prior crime evidence because the evidence proved identity. The court admitted the evidence in *Tarrell* because the evidence was relevant to plan, motive, and intent. In *Tarrell* the court stated that the trial court "considering all the sexual incidents . . . found that they might establish a general plan or system of conduct or that they might establish a motive or intent to perform an act such as the one charged. . . . [T]he separate acts . . . demonstrated a propensity to act out his sexual desires with young girls and had a logical connection with the charged offense. They tended to show a general scheme or motive." *Id.* at 658.

In this case, the state initially argued that the evidence of other acts was admissible for the purpose of proving the defendant's plan or scheme to rape innocent women who came within his control. The court of appeals rejected the state's argument relying on the definition of plan set forth in *State v. Spraggin,* 77 Wis. 2d 89, 99, 252 N.W.2d 94 (1977), which is as follows:

"Evidence showing a plan establishes a definite prior design, plan, or scheme which includes the doing of the act charged. As Wigmore states, there must be 'such a concurrence of common features that the various acts are materially to be explained as caused by a general plan of which they are the individual manifestations.' "

The court of appeals is correct. This court's two definitions of "plan and scheme," one in *Tarrell* and the other in *Spraggin,* cannot co-exist. The court's definition of plan in *Tarrell* is tantamount to its saying that a defendant's prior sexual acts may be used to allow the jury to infer that because the defendant previously committed such acts, he probably is guilty now.

I agree with the state. The objectionable language in *Tarrell* should be withdrawn because the court erred in holding the prior acts evidence admissible in *Tarrell.*

I also believe that the same rules regarding admissibility of other crimes evidence should apply to all cases, whether they involve sex crimes or other kinds of crimes. No one has suggested why we should treat sex crimes differently. *State v. Tarrell,* 74 Wis. 2d 647, 665–66, 247 N.W.2d 696 (1976) (Abrahamson, J., dissenting).

I am authorized to state that Justice Heffernan joins in this concurrence.