COUNTY OF MILWAUKEE, Petitioner-Respondent,

v.

State of Wisconsin, LABOR & INDUSTRY REVIEW COMMISSION, and Nancy Williams, Co-Appellants.

Court of Appeals

*No. 82–1135. Submitted on briefs April 13, 1983.—*
*Decided May 17, 1983.*
(Also reported in 335 N.W.2d 412.)

For the co-appellant Labor and Industry Review Commission the cause was submitted on the briefs of *Bronson C. La Follette,* attorney general, and *Maureen McGlynn,* assistant attorney general.

For the co-appellant Nancy Williams the cause was submitted on the briefs of *Barbara Zack Quindel* of *Perry, First, Reiher, Lerner & Quindel, S.C.,* of Milwaukee.

For the petitioner-respondent the cause was submitted on the brief of *A. Frank Putz,* principal assistant corporation counsel.

Before Wedemeyer, P.J., Decker and Moser, JJ.

MOSER, J.   This is an appeal from a judgment of the circuit court which reversed a final decision and order of the Wisconsin Labor and Industry Review Commission (LIRC). We reverse and remand the cause with directions.

The LIRC's final decision and order affirmed a hearing examiner's findings of fact and conclusions of law which held that the County of Milwaukee (County) had violated ch. 111, subchapter II, Stats.,[1] by unlawful sexual discrimination against Nancy Williams (Williams) in its use of a 1977 performance evaluation and in its failing to

[1] Subchapter II of ch. 111 is commonly referred to as the "Wisconsin Fair Employment Act" and is contained in secs. 111.31 through 111.37, Stats. (1977).

promote her to a county hospital administrative position in September, 1977. The County appealed the LIRC's decision to the circuit court[2] which reversed the LIRC's decision and remanded the matter with directions to dismiss the case because the LIRC lacked subject matter jurisdiction. The circuit court held that it lacked subject matter jurisdiction because Williams' complaint of sexual discrimination to the LIRC was not filed within 300 days after the alleged discrimination occurred, pursuant to sec. 111.36(1), Stats. (1977).[3] Judgment was entered April 16, 1982, from which the LIRC and Williams appeal.

The dispositive issue on appeal is whether the LIRC had subject matter jurisdiction under sec. 111.36(1), Stats. (1977), over this sexual discrimination complaint because it was filed more than 300 days after the alleged discrimination. Central to this determination is whether sec. 111.36(1) is a statute of limitations which is subject to waiver or whether it is a statute concerning subject matter jurisdiction.

We note that there is no question that Williams' complaint was filed after the 300-day time limit set in the statute. The alleged discrimination occurred on September 17, 1977, and the complaint was filed October 3, 1978. We also note that there is no question that the County, formally and in writing, raised the defense of failure to file the complaint within the statutory time limit in its

[2] Sec. 111.37, Stats. (1977), now sec. 111.395, Stats. (1981).

[3] Sec. 111.36(1), Stats. (1977), reads as follows:

111.35 Powers and duties of department. Except as provided under s. 111.33(2), the department shall have the following powers and duties in carrying out this subchapter:

(1) The department may receive and investigate a complaint charging discrimination or discriminatory practices in a particular case if the complaint is filed with the department no more than 300 days after the alleged discrimination occurred. The department may give publicity to its findings in such a case.

This section has been renumbered and is now sec. 111.39(1), Stats. (1981).

response to the complaint before the hearing examiner. However, as a result of prehearing conferences employed to simplify the issues, the parties entered into a stipulation on March 7, 1980, which read in part: "1. The unlawful employment practices alleged in the complaint are allegations of a continuing nature and that the complaint was timely filed. *Respondent waives all rights to raise the question of timely filing on appeal.*" [Emphasis added.] On March 13, 1980, the hearing examiner entered an order stating that this stipulation would govern all further proceedings. From this time forward, until the trial court's *sua sponte* consideration, there was no discussion about the timeliness issue.

Generally, the scope of review of an appellate court reviewing a circuit court's decision reversing an order of an administrative agency is the same as the circuit court's.[4] Questions of law, including the construction, interpretation, or application of a statute, are reviewable *ab initio;* however, due weight is accorded to the experience, technical competence and specialized knowledge of the administrative agency, except that no special deference is required when this court is as competent as the administrative agency to decide the legal question involved.[5]

The question of jurisdiction had been resolved before the hearing examiner by the parties' stipulation and the examiner's order adopting it. The circuit court *sua sponte* raised the issue of whether the LIRC had subject matter jurisdiction. Unstated in that decision is the determination that, if the LIRC did not have subject matter jurisdiction, the reviewing court would also not have subject matter jurisdiction.

[4] *Boynton Cab Co. v. DILHR,* 96 Wis. 2d 396, 405, 291 N.W.2d 850, 855 (1980).

[5] *Id.* at 405–06, 291 N.W.2d at 855.

The laws of this state require courts to observe the limits of their powers and inquire into their jurisdiction over an action, even though the parties do not raise the issue.[6] We determine that the circuit court's *sua sponte* action regarding this question of law was proper. However, an appellate court is not bound by and need give no deference to a circuit court's determinations of questions of law.[7]

The question of law determined by the circuit court and to be reviewed *ab initio* by this court is whether sec. 111.36(1), Stats. (1977), is a statute of limitations or a statute concerning subject matter jurisdiction.

Words of a statute must be given their obvious and ordinary meaning and courts are not to resort to the judicial rules governing construction in the absence of an ambiguity.[8] A statute is ambiguous if reasonably well-informed persons can understand it in more than one sense.[9]

It is apparent that the circuit court and the parties understood the statute to mean different things. The circuit court ruled that the LIRC had never acquired subject matter jurisdiction because the complaint was not timely filed. Prior to the circuit court's action, the parties treated it as a statute of limitation which the County had waived. We note that it was not until the County submitted its appellate brief that it claimed that it had not waived any of its rights under the statute. Accordingly,

---

[6] *State ex rel. Teaching Assistants Assoc. v. University of Wisconsin-Madison,* 96 Wis. 2d 492, 495, 292 N.W.2d 657, 659 (Ct. App. 1980).

[7] *First Nat'l Leasing Corp. v. City of Madison,* 81 Wis. 2d 205, 208, 260 N.W.2d 251, 253 (1977).

[8] *Parker v. Percy,* 105 Wis. 2d 486, 489, 314 N.W.2d 166, 168 (Ct. App. 1981).

[9] *Id.*

because we consider the circuit court and the parties to be reasonably well-informed persons who disagree on the interpretation of this statute, we conclude that sec. 111.36 (1), Stats. (1977), is ambiguous not only because of the disagreement at the trial court level, but because a fair reading of the language of the statute would or should have confused other well-informed persons.[10]

Because we determine that this statute is ambiguous, we must apply the common law rules of statutory construction to determine legislative intent. One of the most valuable extrinsic aids of judicial construction is legislative history.[11]

Section 111.36(1), Stats. (1977), was the result of the governor's budget bill[12] introduced in the senate on January 25, 1977, as sec. 1053 of that bill.[13] An appendix containing explanatory notes prepared by the Department of Administration[14] was attached to this bill. The explanatory note dealing with this statute reads as follows: *"Equal Rights Cases.* Sections 1007, 1010, *1053* and 1054 of the statutes, relates to placing a *statute of limitations* on equal rights cases, dismissing equal rights cases for failure to reply and making conciliation in equal rights cases optional." [Emphasis added.] Section 1053 of the governor's proposal went through the laborious scrutiny of the legislative process which all budget bills must and was adopted without amendment by the legislature, ultimately becoming law.[15]

---

[10] *National Amusement Co. v. Department of Revenue,* 41 Wis. 2d 261, 267, 163 N.W.2d 625, 628 (1969).

[11] *See Parker, supra* note 8, at 490, 314 N.W.2d at 168.

[12] Bulletin of the Proceedings of the Wisconsin Legislature 1977 Session—Senate, at 76 (1979).

[13] S.B. 77, 1977 Sess. § 1053, at 351 (1977).

[14] The Department of Administration acts as the governor's chief policy advisor and financial manager in preparing Wisconsin's biennial budget. Wisconsin Legislative Reference Bureau, The State of Wisconsin Blue Book, at 529 (Biennial ed. 1981–82).

[15] Sec. 1053, ch. 29, Laws of 1977, effective July 1, 1977; sec. 111.36(1), Stats. (1977).

Legislative journals are properly the subject of judicial notice and the governor's message published therein may be used by a court in searching legislative history to establish legislative intent.[16] It is apparent that an explanatory note contained in an appendix to the budget bill is a message from the governor, through his policy agency, to the legislature of the executive's interest in the effects and intent of a section contained in that bill. It is also apparent that a court can ascertain that the legislature adopted the executive's intent behind a section contained in the budget bill if it goes through legislative scrutiny without amendment. Here, it is clear that the executive intent behind sec. 1053 of the budget bill is to make that section a statute of limitations and not a statute concerning subject matter jurisdiction. Accordingly, we hold that the legislative intent behind sec. 111.36(1), Stats. (1977), is to make the 300-day time limit a statute of limitations and not a statute concerning subject matter jurisdiction.

Having determined that sec. 111.36(1), Stats. (1977), is a statute of limitations, we must next determine whether a defense based on it may be waived before the hearing examiner. We hold that it can be waived.

We need only examine the County's pleadings before the circuit court to resolve this question. The County's petition for review of the LIRC's decision raised the following issues:

4. That the petitioner contends that the decision of the respondent should be reversed or modified upon the following grounds, to wit:

The Hearing Examiner and the respondent [LIRC] erroneously applied the agency's Administrative Code Rules, erroneously interpreted applicable state and federal laws and arbitrarily and capriciously exercised their

---

[16] *Medlock v. Schmidt*, 29 Wis. 2d 114, 121–22, 138 N.W.2d 248, 252 (1965); *see also* 2A J. Sutherland, Statutes and Statutory Construction § 48.05, at 201 (C. Sands 4th ed. 1973).

discretion in the determination of facts and/or policy within their delegated powers and authority.

Because of these claimed errors, the County requested the circuit court to reverse the LIRC's decision and order. The County did not raise the issue of subject matter jurisdiction or the defense of statute of limitations.

It is well-settled law that the affirmative defense of statute of limitations must be raised in a pleading,[17] or by a motion, or be deemed waived.[18] In order for the County to take advantage of the defense of statute of limitations it must plead this defense in its petition for review. Our review of the County's petition for review leads us to conclude that the County did not plead the defense and therefore waived it. We also note, as stated above, that the County specifically waived this defense in the stipulation before the hearing examiner.

Accordingly, we reverse the judgment of the circuit court and remand the cause for a review of the LIRC's decision on the merits.

*By the Court.*—Judgment reversed and cause remanded with directions.

---

[17] Sec. 802.02(3), Stats; *see also Johnson v. Heintz,* 73 Wis. 2d 286, 299, 243 N.W.2d 815, 824 (1976).

[18] *See* sec. 802.06(8)(b), Stats. We note that this section specifies when this defense may be preserved by a motion. However, because none of the available motions were utilized by the County prior to the hearing on the merits by the circuit court, the County has also waived its defense under this section.