Richard SIELAFF, Plaintiff-Appellant,†

v.

MILWAUKEE COUNTY and Richard Artison, Defendants-
Respondents.

Court of Appeals

*No. 95–0258. Submitted on briefs January 2, 1996.—Decided
February 6, 1996.*

(Also reported in 546 N.W.2d 173.)

†Petition to review denied.

For the plaintiff-appellant the cause was submitted on the briefs of *Robert E. Sutton* of *Sutton & Kelly* of Milwaukee.

·For the defendants-respondents the cause was submitted on the briefs of *Mary Ellen Poulos*, principal assistant corporation counsel of Milwaukee.

Before Wedemeyer, P.J., Sullivan and Fine, JJ.

WEDEMEYER, P.J.  Richard Sielaff appeals from a judgment and an order entered after a jury returned a verdict in favor of Milwaukee County and Sheriff Richard E. Artison on Sielaff's discrimination complaint. Sielaff claims: (1) the trial court erred in excluding evidence of twelve promotions that Sielaff did not receive; and (2) that the County's attorney made misstatements of fact about Sielaff during her

opening statement, which were repeated by Artison during his testimony. Because the trial court did not erroneously exercise its discretion in excluding evidence of promotions that did not occur within the 300 day limitation period prescribed by § 111.39(1), STATS.,[1] and because the misstatements did not prejudice Sielaff's case, we affirm.

## I. BACKGROUND

In October 1967, Sielaff began his employment with the Milwaukee County Sheriff's Department as a deputy sheriff I. In 1980, he was promoted to sergeant. From July 1988 through August 1992, Sielaff sought promotion to lieutenant, but never received the promotion. On February 8, 1991, Sielaff filed an age discrimination complaint with the Equal Rights Division of the Department of Industry, Labor and Human Relations. He alleged that he had been denied a promotion from sergeant to lieutenant because of his age in violation of the Wisconsin Fair Employment Act, § 111.31, *et seq.*, STATS. Based on the 300 day limitation period contained within § 111.39(1), STATS., the department investigated only those promotions Sielaff did not receive within this 300 day time frame.

Sielaff sought further redress from circuit court on his age discrimination complaint, filing against the County and Artison in August 1992. The case was tried to a jury in September 1994. During the trial, Sielaff

---

[1] This statute provides in pertinent part:

The department may receive and investigate a complaint charging discrimination, discriminatory practices, unfair honesty testing or unfair genetic testing in a particular case if the complaint is filed with the department no more than 300 days after the alleged discrimination, unfair honesty testing or unfair genetic testing occurred.

attempted to introduce denied promotions beyond the 300 day limitation period. He intended to show that he had been passed over for four promotions prior to the 300 day period and eight promotions subsequent to the 300 day period. The trial court determined that evidence of these promotions should not be introduced and that Sielaff was limited to introducing evidence of the six promotions he was denied that occurred within the 300 day limitation period.

During her opening statement, counsel for the County erroneously told the jury that Sielaff had pleaded guilty to several civil service charges that had been brought against him by Artison. During his testimony at trial, Artison also erroneously stated that Sielaff had pleaded guilty. In fact, Sielaff had stipulated to the underlying facts, but was acquitted of the charges. Counsel for the County acknowledged her error in closing argument and apologized for making the misrepresentation.

The jury returned a verdict in favor of the County and Artison. Sielaff filed postverdict motions requesting that the trial court set aside the verdict and order a new trial. The trial court denied the motions. Judgment was entered and Sielaff now appeals.

## II. DISCUSSION

### A. *300 day limitation period.*

Sielaff claims the trial court erred in limiting his evidence to the six denied promotions which occurred within the 300 day limitation period prescribed in § 111.39(1), STATS. Sielaff contends that the four denied promotions that preceded the 300 day period and the eight denied promotions that occurred after the 300

day period were relevant evidence showing a pattern of age discrimination.

■

Our standard of review on the admission and exclusion of evidence is limited to whether the trial court erroneously exercised its discretion. *State v. Alsteen*, 108 Wis. 2d 723, 727, 324 N.W.2d 426, 428 (1982). If a trial court applies the proper law to the established facts, we will not find an erroneous exercise of discretion if there is any reasonable basis for the trial court's ruling. *Id.; Village of Shorewood v. Steinberg*, 174 Wis. 2d 191, 204, 496 N.W.2d 57, 62 (1993); *Steinbach v. Gustafson*, 177 Wis. 2d 178, 185-86, 502 N.W.2d 156, 159 (Ct. App. 1993). Appellate courts generally look for reasons to sustain discretionary determinations. *Steinbach*, 177 Wis. 2d at 185-86, 502 N.W.2d at 159.

In the instant case, the trial court admitted only the six denied promotions occurring within the 300 day limitation period for several reasons. First, Sielaff, who was relying on federal case law in support of his contention that the denied promotions outside the 300 day scope were admissible, failed to provide the trial court with copies of the case law on which he relied.[2] Second, after the trial when the trial court had an opportunity to review all the federal case law relied on by Sielaff, the trial court concluded that none of the case law supported allowing into evidence the denied promotions which occurred subsequent to the 300 day period. Third, in the instant case, Sielaff was armed with evidence of six denied promotions that occurred within the 300 day period. The trial court felt that six cases were

[2] The trial court does note that some of the federal case law was eventually provided to it in the postverdict motion materials.

sufficient evidence to show a pattern of discrimination, if one existed, and the additional promotions were merely redundant.

Further, the trial court agreed with the County's position that allowing evidence of the four denied promotions occurring before the 300 day limitation would have forced the County to defend actions which are time-barred, and allowing evidence of the eight denied promotions occurring subsequent to the 300 day limitation would have required the County to defend actions which had not been filed with the Equal Rights Department, which is a condition precedent to suit.

It is clear from the reasons set forth that the trial court did not erroneously exercise its discretion in excluding the denied promotions that were not within the 300 day period. The trial court set forth a reasonable basis for ruling the way that it did. Accordingly, we must uphold its ruling.

*B. Misstatement of fact.*

Sielaff also argues that the misstatement of facts made about him by the County's counsel and Artison require a reversal of the judgment. We disagree.

In her opening statement, counsel for the County told the jury that Sielaff had pled guilty to a number of civil service charges that had been brought against him. In his testimony, Artison told the jury that Sielaff had pled guilty to the charges. The charges included violating orders of a supervisor, failing to perform duties and filing false criminal reports. All of these charges, however, were dismissed after a hearing in September 1989. This was undisputedly proven at trial. Counsel for the County conceded that her earlier

statements to the contrary were made in error. Specifically, she said:

> I made this mistake and I apologize to you. I apologize to counsel and I apologize to Richard Sielaff. I thought he had pled no contest to the charges in 1989. . . . I was wrong and I apologize to you. He's pointed it out. I am apologizing, and I was wrong. We all make mistakes.

In ruling on Sielaff's motion for a new trial on the grounds that these misstatements prejudiced the case, the trial court noted:

> As to the misstatement of facts, it's pretty common knowledge that for an attorney to make a statement as to what he or she intends to prove and fails to be able to prove it is a very devastating weakness to the person who makes the misstatement, not to the other side because they usually are able to capitalize on it. I wasn't here at the closing statements, but the testimony that came in pretty well established what the facts were and if she admitted in her closing statement that she made a mistake, why that certainly would not appear to this judge to be prejudicial to the plaintiff.

We agree with these sentiments. The misstatements did not prejudice Sielaff's case and, therefore, constitute harmless error. *Town of Geneva v. Tills,* 129 Wis. 2d 167, 185, 384 N.W.2d 701, 708 (1986). Moreover, it is clear from the record that Sielaff strategically chose to allow counsel for the County to operate under its mistaken belief. Sielaff used the County's counsel's errors to its advantage and attempted to discredit the County's defense and credibility on the basis of its mistaken belief.

*By the Court.*—Judgment and order affirmed.

FINE, J. (*dissenting*). Richard Sielaff claims that he was denied a promotion because of illegal age discrimination. The action was brought within the 300-day statute of limitations established by § 111.39(1), STATS. *Se Milwaukee County v. LIRC*, 113 Wis. 2d 199, 204–205, 335 N.W.2d 412, 415–416 (Ct. App. 1983) (provision a statute of limitations). The trial court invoked § 111.39(1) to prevent Sielaff from introducing evidence that he had also been denied promotions before and after the 300-day period. Although Sielaff could not seek age-discrimination redress in connection with those denied promotions, the evidence is clearly relevant to show both a pattern of discrimination and an intent to discriminate. *See Stewart v. CPC Int'l, Inc.*, 679 F.2d 117, 121 (7th Cir. 1982). I would reverse.