IN RE the TERMINATION OF PARENTAL RIGHTS TO
DEANTYE P.-B., a Person Under the Age of 18:

LA CROSSE COUNTY DEPARTMENT OF HUMAN SERVICES,
Petitioner-Respondent,

v.

TARA P., Respondent-Appellant.† [Case No.
01–3034]

IN RE the TERMINATION OF PARENTAL RIGHTS TO
TYRELL P.-B., a Person Under the Age of 18:

LA CROSSE COUNTY DEPARTMENT OF HUMAN SERVICES,
Petitioner-Respondent,

v.

TARA P., Respondent-Appellant.† [Case No.
01–3035]

Court of Appeals

*Nos. 01–3034, 01–3035. Submitted on briefs January 17, 2002.—Decided February 14, 2002.*

2002 WI App 84

(Also reported in 643 N.W.2d 194.)

---

† Petition to review denied 4-22-02.

On behalf of the respondent-appellant, the cause was submitted on the briefs of *Tim Provis*, Madison.

On behalf of the petitioner-respondent, the cause was submitted on the brief of *David L. Lange*, Deputy Corporation Counsel for La Crosse County.

On behalf of Deantye P.-B. and Tyrell P.-B., the cause was submitted on the brief of *Janet A. Jenkins*, guardian ad litem, of *Johns & Flaherty, S.C.*, La Crosse.

Before Dykman, Deininger and Lundsten, JJ.

¶ 1. LUNDSTEN, J. Tara P. appeals two orders of the circuit court terminating her parental rights to

two of her children. Tara P. alleges that the circuit court erred at her termination of parental rights trial by allowing admission of evidence pertaining to events that occurred prior to the CHIPS dispositional orders.[1] For the reasons that follow, we affirm.[2]

### *Background*

¶ 2. In April of 1998, Tara P.'s children were removed and held in emergency foster care on the basis that Tara "neglects, refuses or is unable for reasons other than poverty to provide necessary care, food, clothing, medical or dental care or shelter so as to seriously endanger the physical health" of her children. *See* WIS. STAT. § 48.13(10). Two weeks later, the La Crosse County Human Services Department filed two petitions for protection or services on behalf of the children. Approximately ten weeks after that, the circuit court issued two CHIPS dispositional orders regarding Tara P.'s two children, one order for each child, finding both in need of protection or services. The orders set forth thirteen conditions the court believed were necessary for the safe return of the children to Tara P.'s home. The CHIPS dispositional orders were extended for a year in June of 1999 and for another year in June of 2000.

¶ 3. In November of 2000, La Crosse County petitioned to terminate Tara P.'s parental rights, alleg-

---

[1] CHIPS is an acronym for "child in need of protection or services." *See* WIS. STAT. § 48.13 (1999–2000). All references to the Wisconsin Statutes are to the 1999–2000 version unless otherwise noted.

[2] This appeal was originally a one-judge appeal; it was converted to a three-judge panel by order of the Chief Judge of the Court of Appeals. *See* WIS. STAT. RULE 809.41(3).

ing that the children were in continuing need of protection or services pursuant to Wis. Stat. § 48.415(2). Prior to the termination trial, Tara P. filed a motion in limine seeking to prohibit La Crosse County and the guardian ad litem from introducing evidence concerning matters occurring prior to the June 1998 CHIPS dispositional orders. The circuit court denied the motion. Specifically, the court ruled that evidence of facts referred to in the original petitions would be admissible, but it would consider objections to evidence relating to other events prior to the CHIPS dispositional orders.

¶ 4. At trial, La Crosse County presented evidence that the county made reasonable efforts to provide services ordered by the court, that Tara P. failed to meet all thirteen conditions for the safe return of her children, and that Tara P. was unlikely to meet these conditions in the following twelve-month period. The evidence included information relating to Tara P.'s parenting and certain actions taken by the County prior to the dispositional orders.

¶ 5. The jury found in favor of La Crosse County, and the circuit court entered orders terminating Tara P.'s parental rights to the two children.

### *Discussion*

¶ 6. The alleged error in this case involves the admission of evidence at a termination of parental rights trial regarding events that occurred prior to the CHIPS dispositional orders. We review a circuit court's decision to admit or exclude evidence under an erroneous exercise of discretion standard. *See Morden v. Continental AG*, 2000 WI 51, ¶ 81, 235 Wis. 2d 325, 611 N.W.2d 659. We will not upset a circuit court's decision to admit or exclude evidence if the decision has " 'a

reasonable basis' and was made 'in accordance with accepted legal standards and in accordance with the facts of record.' " *Lievrouw v. Roth*, 157 Wis. 2d 332, 348, 459 N.W.2d 850 (Ct. App. 1990) (citations omitted).

¶ 7. Tara P. asserts that the circuit court's decision to deny her motion in limine to exclude evidence of events occurring prior to the CHIPS dispositional orders runs afoul of our holding in *S.D.S. v. Rock County Department of Social Services*, 152 Wis. 2d 345, 448 N.W.2d 282 (Ct. App. 1989). We disagree.

¶ 8. At Tara P.'s termination trial, the following four elements were at issue:

(1) Whether "the child has been adjudged to be a child or an unborn child in need of protection or services and placed, or continued in a placement, outside his or her home" for a cumulative total period of six months or longer pursuant to one or more court orders under one of the enumerated statutory sections;

(2) Whether "the agency responsible for the care of the child and the family . . . has made a reasonable effort to provide the services ordered by the court";

(3) Whether "the parent has failed to meet the conditions established for the safe return of the child to the home"; and

(4) Whether "there is a substantial likelihood that the parent will not meet these conditions within the 12–month period following" the termination fact-finding hearing.

WIS. STAT. § 48.415(2)(a)2.b and 3; *see also* WIS JI—CHILDREN 324. The first of these elements was deter-

mined by the circuit court and the remaining three were determined by the jury.

¶ 9.   Tara P. argues that a footnote in *S.D.S.* effectively holds that facts relating to a CHIPS dispositional proceeding under Wis. Stat. § 48.13(10) are not relevant to the elements determined by the jury at the termination proceeding. Tara P. focuses on the following language we have italicized in footnote 11 in *S.D.S.*:

> Our reversal of the pretrial order includes the findings of fact made at the fact-finding hearing in the CHIPS jurisdictional proceeding which the dispositional order incorporates. *The facts established at the fact-finding hearing in a CHIPS proceeding under sec. 48.13(10), Stats., that the parent has neglected, refused, or been unable for reasons other than poverty to provide the child with necessary care so as to seriously endanger the physical health of the child, is not* an element of or *relevant to termination under sec. 48.415(2)(c).* The pertinent element for termination is that "the parent has substantially neglected, wilfully refused or been unable to meet the conditions established for the return of the child to the home." Those conditions are established in the dispositional hearing in a CHIPS proceeding, not at the preceding fact-finding hearing. *The burden is on the petitioner in a termination proceeding to establish by clear and convincing evidence that the parent has not met the conditions established for return of the child, not that the parent has neglected, refused, or been unable to provide the child with necessary care.*

*S.D.S.*, 152 Wis. 2d at 358 n.11 (emphasis added).[3]

---

[3] Wisconsin Stat. § 48.415 (1987–88) was renumbered subsequent to the *S.D.S.* decision. The language of subsection (2)(c) can now be found at § 48.415(2)(a)3 with few substantive changes.

¶ 10. Rather than address the parties' debate regarding the meaning of footnote 11 in *S.D.S.*, we resolve the dispute by holding that Tara P.'s interpretation of footnote 11, even if correct, constitutes dicta. Moreover, we agree with the circuit court in this case that the facts occurring prior to a CHIPS dispositional order are frequently relevant to the issues at a termination proceeding.

¶ 11. The text of *S.D.S.* relating to footnote 11 involves the topic of issue preclusion. We held there that the circuit court erred when it directed that findings supporting a CHIPS dispositional order must be accepted as true for purposes of a later termination proceeding. *Id.* at 355. We determined that issue preclusion should not be applied because of the "heavier burden of proof at the [later] factfinding hearing in the termination proceedings [compared with the earlier] CHIPS dispositional proceedings." *Id.* at 357. Accordingly, we held that the parents in *S.D.S.* had been wrongly denied an opportunity at the termination hearing to challenge earlier fact finding set forth in the CHIPS dispositional order. *See id.* at 357–58.

¶ 12. To the extent footnote 11 in *S.D.S.* can be read as suggesting that events preceding a CHIPS dispositional order are never relevant to a termination proceeding, such a reading is both dicta and plainly wrong. When the comments in the footnote are read as Tara P. suggests, they are dicta because they were "broader than necessary to determine" the issue preclusion question before us in *S.D.S.* *See State ex rel. Schultz v. Bruendl*, 168 Wis. 2d 101, 112, 483 N.W.2d 238 (Ct. App. 1992). The statements in the footnote, as interpreted by Tara P., are wrong because events occurring prior to a CHIPS dispositional order are frequently relevant at a termination proceeding.

186

¶ 13. Relevant evidence is that which has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." WIS. STAT. § 904.01. Among the elements La Crosse County was required to prove, by clear and convincing evidence, was that "there is a substantial likelihood that the parent will not meet these conditions within the 12–month period following" the termination fact-finding proceeding. *See* WIS. STAT. § 48.415(2)(a)2.b and 3. It is readily apparent that a history of parental conduct may be relevant to predicting a parent's chances of complying with conditions in the future, despite failing to do so to date. The instant case exemplifies how historical information can be relevant on this topic.

¶ 14. Apart from determining whether Tara P., since the dispositional orders were entered, failed to (1) maintain a clean, adequately furnished home, (2) establish a stable living environment, and (3) maintain employment, the jury was also asked to determine whether it was substantially likely that Tara P. would not meet these conditions in the next twelve-month period. La Crosse County presented evidence that Tara P., prior to the dispositional orders and while she had custody of her children, repeatedly failed to comply with requirements necessary to maintain public assistance benefits (benefits which would have provided money for housing and utilities) and repeatedly failed to keep appointments with Job Service, an employment training program. Tara P.'s long history of failing to take advantage of state-offered mechanisms to obtain housing and employment training, considered in conjunction with her current failure to meet the stable

housing and employment conditions, is evidence tending to show that Tara P. is unlikely to meet these conditions in the future.[4]

¶ 15.   At the pretrial hearing on Tara P.'s motion in limine to exclude evidence of events occurring before the CHIPS dispositional orders, the circuit court correctly anticipated that evidence of events prior to the dispositional orders would be relevant to questions the jury would need to decide. Tara P. did not renew her objection at trial, either generally or with respect to specific evidence. We have reviewed the record and conclude that any such effort would have been futile in light of the obvious relevance of the evidence.

¶ 16.   Therefore, we conclude that the circuit court made its ruling "in accordance with accepted legal standards and in accordance with the facts of record" by considering the relationship of the evidence at issue to the elements to be proven by La Crosse County in the termination proceeding. *See Lievrouw*, 157 Wis. 2d at 348.

■

¶ 17.   Tara P. makes an alternative argument. Citing *State v. Alsteen*, 108 Wis. 2d 723, 324 N.W.2d 426 (1982), a case concerning the admissibility of other acts evidence under Wis. Stat. § 904.04(2),[5] she argues that "[t]he bad condition of the home and the children and

---

[4] We note that events predating dispositional orders may also be relevant to another issue at termination proceedings: whether a county department of social services made "reasonable" efforts to provide services ordered by a court.

[5] Wisconsin Stat. § 904.04(2) provides as follows:

OTHER CRIMES, WRONGS, OR ACTS. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith. This subsection does not exclude the evidence when

[her] seeming indifference to it . . . is evidence from which the jurors could conclude [she] has a character trait for neglect, i.e., she is a bad mother." This evidence, she argues, was inadmissible other acts evidence. We agree with Tara P. that this evidence was both offered as and used to show her character and propensity to be an unfit parent and the corresponding low likelihood that she would comply with conditions during the ensuing twelve-month period. We disagree that it was inadmissible under § 904.04(2).

¶ 18.  The other acts evidence statute is directed at preventing fact finders from unnecessary exposure to character and propensity evidence in the context of determining whether a party committed an alleged act. *See State v. Benoit*, 229 Wis. 2d 630, 639, 600 N.W.2d 193 (Ct. App. 1999). Exposure in this context endangers the longstanding principle that persons should be found liable based on evidence of the particular alleged act, not based on bad character or propensity to commit the type of act alleged. That concern is not applicable here. In determining whether "there is a substantial likelihood" that a parent will not meet conditions for the return of his or her children, a fact finder must necessarily consider the parent's relevant character traits and patterns of behavior, and the likelihood that any problematic traits or propensities have been or can be modified in order to assure the safety of the children.

¶ 19.  Accordingly, we conclude that at the termination proceeding the circuit court properly denied Tara P.'s motion to exclude evidence of events that occurred prior to the CHIPS dispositional orders.

offered for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

¶ 20. In closing, we stress that just as there is no blanket prohibition on evidence of events prior to a dispositional order, our present holding does not provide blanket authority for its admission. For example, evidence may be excluded on relevancy grounds in light of the particular facts of a case.

*By the Court.*—Orders affirmed.