State of Wisconsin, Plaintiff-Respondent,
v.
Christopher R. Krey, Defendant-Appellant.
No. 2004AP2294-CR.
Court of Appeals of Wisconsin, District I.
September 7, 2005.
Before Wedemeyer, P.J., Fine and Curley, JJ.
¶1 PER CURIAM.
Christopher R. Krey appeals from a judgment entered after a jury found him guilty of one count of child enticement, contrary to WIS. STAT. § 948.07(1) (2003-04).[1] He also appeals from an order denying his postconviction motion. Krey claims the trial court erroneously exercised its discretion when it admitted testimony of threats to a witness without a cautionary instruction and that trial counsel provided ineffective assistance by failing to request a cautionary instruction on the testimony. Because the admission without a cautionary instruction constituted harmless error and any failure by trial counsel to request the instruction was not prejudicial, we affirm.

BACKGROUND
¶2 On May 9, 2002, Krey approached nine-year-old Julio M. who was on the Blakewood School playground at recess. Krey asked the boy if he ever "sucked a dick," and told him if "you don't come and suck Josh's dick, I'm going to beat your ass." Krey then waited for Julio until school got out and followed him until Julio got into a friend's car.
¶3 Krey was charged with child enticement and pled not guilty. The case was tried to a jury. Before the trial, the State moved in limine to introduce evidence that a witness, Joshua Wollinger, had been threatened by a third person on behalf of Krey. The defense objected to the admission of the threat testimony. The trial court ruled that it would allow the testimony with a cautionary instruction. At the instruction conference, neither the court nor the defense raised the issue of a cautionary instruction. Therefore, none was given. The jury convicted, and the trial court denied Krey's postconviction motion. He now appeals.

DISCUSSION

A. Evidentiary Ruling/Cautionary Instruction.
¶4 Krey argues that the trial court erroneously exercised its discretion by permitting the threat testimony without a proper cautionary instruction. Evidentiary decisions are subject to a deferential standard and will not be overturned unless the trial court failed to consider the facts, apply the correct law, and reach a reasonable determination. State v. Alsteen, 108 Wis. 2d 723, 727, 324 N.W.2d 426 (1982). An evidentiary ruling is subject to the harmless error rule and, therefore, even if the trial court erred in admitting the evidence without the cautionary instruction, we will not reverse the conviction unless there is a "reasonable possibility that the error contributed to the conviction." State v. Dyess, 124 Wis. 2d 525, 543, 370 N.W.2d 222 (1985). We conclude here that even if the trial court erred in failing to give a cautionary instruction, the admission of the threat testimony constituted harmless error.
¶5 The challenged testimony was that of Joshua Wollinger, who testified during his direct examination that Christopher Crewshack told him that Krey was going to hurt Wollinger because Wollinger had "snitched" on Krey. The "snitching" presumably referred to a statement Wollinger had given to the police implicating Krey. The State used the threat evidence to explain why Wollinger completely recanted the inculpatory statement he gave to police and instead testified in support of Krey's alibi defense.
¶6 The record contains an overwhelming amount of evidence to show that Krey was the culprit. Krey was unequivocally identified by the victim shortly after the incident from a photo array. The victim described the clothes Krey was wearing on the date of the incident and that he was barefoot. The victim described Krey's feet as blistered, dirty and calloused. Krey walked in a unique way that allowed the victim to see the bottom of his feet. When Krey was arrested, the police observed that his feet matched the victim's description.
¶7 The jury also heard the statement, including corroborating facts that Wollinger had given to the police in his original statement. Wollinger had told police that Krey was a friend of his and they were together on the day of the incident. While they were walking down Milwaukee Avenue, Krey kept walking up to people and asking them for "head" or oral sex. At about 1:00 p.m. that day, Krey told Wollinger that he was going to Blakewood School to "get some head" and asked Wollinger if he wanted Krey to bring someone back for him so he could get some head too. Krey returned to Wollinger's house at about 4:15 p.m. and told him that he got some head from a little kid. Krey told Wollinger that he told a little kid at Blakewood School that he would beat his ass if he did not suck Josh's dick. During the trial, Wollinger completely recanted the statement he had made to the police and testified in support of Krey's alibi defense. Although Wollinger recanted this statement and claimed that the officer made up most of the information, the jury decided otherwise.
¶8 In addition, as the State points out, much of the specific factual information in Wollinger's statement was not information that the police officer would have had knowledge of unless Wollinger provided it. In addition, Krey's friend, Joey Gunderson, gave information to police corroborating details in Wollinger's police statement.
¶9 Based on the foregoing, it is clear beyond a reasonable doubt that a rational jury would have found Krey guilty even if they had received a cautionary instruction regarding proper use of the evidence of threats against Wollinger. Accordingly, we conclude that the trial court's failure to give such an instruction did not contribute to the conviction.

B. Ineffective Assistance.
¶10 Krey's second claim is based on his trial counsel's failure to request a cautionary instruction. We reject this claim as well. The analytical framework that must be employed in assessing the merits of a defendant's claim of ineffective assistance of counsel is well known. To sustain a claim of ineffective assistance of counsel, a defendant must show both that counsel's performance was deficient and that counsel's errors were prejudicial. Strickland v. Washington, 466 U.S. 668, 687 (1984); State v. Sanchez, 201 Wis. 2d 219, 236, 548 N.W.2d 69 (1996). A court need not address both components of this inquiry if the defendant does not make a sufficient showing on one. Strickland, 466 U.S. at 697.
¶11 An attorney's performance is not deficient unless he or she made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. To satisfy the prejudice prong, appellant must demonstrate that counsel's deficient performance was "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 687. In other words, there must be a showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.
¶12 Whether counsel's actions constitute ineffective assistance is a mixed question of law and fact. State v. Pitsch, 124 Wis. 2d 628, 633-34, 369 N.W.2d 711 (1985). The trial court's determination of what the attorney did, or did not do, and the basis for the challenged conduct are factual and will be upheld unless they are clearly erroneous. Id. at 634. The ultimate conclusion, however, of whether the conduct resulted in a violation of defendant's right to effective assistance of counsel is a question of law for which no deference to the trial court need be given. State v. Harvey, 139 Wis. 2d 353, 376, 407 N.W.2d 235 (1987).
¶13 With respect to the "prejudice" component of the test for ineffective assistance of counsel, the defendant must affirmatively prove that the alleged defect in counsel's performance "actually had an adverse effect on the defense." Strickland, 466 U.S. at 693. The defendant cannot meet his burden by merely showing that the error had some conceivable effect on the outcome. Rather, he must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.
¶14 Here, we have already concluded that admission of the evidence without a cautionary instruction was harmless error. For the same reasons espoused above, we conclude that trial counsel's failure to request the cautionary instruction did not prejudice the outcome of this case. There is no reasonable probability, based on the overwhelming evidence implicating Krey as the perpetrator of the crime, that the cautionary instruction would have altered the result of the proceedings.
By the Court.  Judgment and order affirmed.
NOTES
[1] All references to the Wisconsin Statutes are to the 2003-04 version unless otherwise noted.