Nina KENNEDY, Petitioner-Appellant,††

v.

Wisconsin DEPARTMENT OF HEALTH & SOCIAL SERVICES,
Office of Administrative Hearings, and Bureau of
Quality Control, Respondents-Respondents. †

Court of Appeals

*No. 95–1072. Submitted on briefs November 10,
1995.—Decided January 18, 1996.*

(Also reported in 544 N.W.2d 917.)

††Petition to cross review denied.
†Petition to review denied.

For the petitioner-appellant the cause was submitted on the briefs of *John C. Talis* of *Lawton & Cates, S.C.* of Madison.

For the respondents-respondents the cause was submitted on the brief of *James E. Doyle*, attorney general, and *Donald P. Johns*, assistant attorney general.

Before Eich, C.J., Dykman and Vergeront, JJ.

DYKMAN, J. Nina Kennedy appeals from an order dismissing her petition for review of the Department of Health and Social Services' decision reversing a hearing examiner's order, and concluding that she abused a veterans' home resident, contrary to WIS. ADM. CODE § HSS 129.03(1).[1] Kennedy raises three issues on appeal: (1) whether the Department exceeded its jurisdiction when the director of the Department's Office of Administrative Hearings reviewed and reversed the hearing examiner's finding of no abuse; (2) whether Kennedy's due process rights were violated when the director failed to consult with the examiner on issues of witness credibility; and (3) whether the director's finding that Kennedy abused the resident is erroneous as a matter of law. We conclude that the Department exceeded its jurisdiction when the director reversed the examiner's finding of no abuse.[2] Consequently, we reverse.

---

[1] WISCONSIN ADM. CODE § HSS 129.03(1) provides:

"Abuse" means conduct evincing such willful and wanton disregard of a client's physical and mental needs and interests as is found in deliberate violations or disregard of client rights, or in carelessness or negligence of such degree or frequency as to manifest equal culpability, wrongful intent or evil design, or to show an intentional and substantial disregard of the aide's duties and obligations to the client. Mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, inadvertency or ordinary negligence in isolated instances, or good faith errors in judgment or discretion are not deemed to be abuse. "Abuse" includes neglect and mistreatment.

[2] We do not address the other issues raised by Kennedy because this one is dispositive of the appeal. *See Sweet v. Berge*, 113 Wis. 2d 61, 67, 334 N.W.2d 559, 562 (Ct. App. 1983).

445

## BACKGROUND

In March 1993, Nina Kennedy was employed as a nurse's aide at the Wisconsin Veterans' Home in King, Wisconsin. On the morning of March 5, she determined that a resident who was on the laxative list[3] needed an enema. She mistakenly believed that a doctor had written an order for an enema. To avoid injury, the veterans' home trains its staff to administer enemas while the residents are in their beds. Kennedy decided, however, that because this resident had a decubitus ulcer or bedsore near his anus, that to avoid infection, she and another nurse's aide would administer the enema in another way. When later confronted about the incident, Kennedy lied and said that she had administered the enema while the resident was in bed.

In September 1993, the Bureau of Quality Compliance (BQC), part of the Department, issued a finding that Kennedy had abused the resident. This finding, if not appealed, would have resulted in her name being entered on the nurse's aide registry as having abused a nursing home resident, thereby disqualifying her from employment at the veterans' home. Kennedy requested and was granted a hearing before a Department hearing examiner.

In March 1994, the hearing examiner concluded that Kennedy did not abuse the resident when she administered the enema. The examiner concluded that, although mistaken, Kennedy "did what she thought was in the best interest of the resident." The examiner concluded that she was negligent for not checking to see if the resident had a doctor's order for an enema,

---

[3] Residents who are on the laxative list have their bowel movements monitored and laxatives are given in the appropriate circumstances.

but that her actions were not taken in "willful and wanton disregard" of the resident's needs and interests. The examiner stated that Kennedy made "a good faith error in judgment and ordinary negligence . . . caused the problem." The examiner ordered that the BQC's finding that Kennedy abused a resident not be entered on the registry, and stated that this was a final decision and that an appeal of the decision could be filed with a trial court pursuant to § 227.53, STATS.

By letter dated April 5, 1994, addressed to the director of the Office of Administrative Hearings, the BQC requested, pursuant to § 227.49(1) and (5), STATS., a reversal of the hearing examiner's order or a rehearing. In her reply to the director, Kennedy argued that neither a rehearing nor reversal was warranted. The director granted the BQC's request for a rehearing but did not remand the matter to the examiner because Kennedy argued that the case involved a legal error which the director could decide. The director reviewed the case *de novo* and reversed the examiner's order, finding that Kennedy's actions constituted abuse under WIS. ADM. CODE § HSS 129.03(1). In so doing, the director concluded that Kennedy's method of administering the enema, its unauthorized nature, and her initial lack of candor about the incident demonstrated that she intentionally and substantially disregarded her duties and obligations to the resident. The director concluded that the conduct in this case did not amount to a failure to follow a policy or breach of a duty, but that her actions were unilateral, unauthorized, and potentially seriously harmful. Therefore, it ordered the BQC to enter Kennedy's name on the registry and stated that an appeal may be taken to a trial court pursuant to § 227.53, STATS.

Kennedy petitioned the trial court for review of the director's order. The court dismissed the petition, concluding that her conduct satisfied the definition of abuse found in WIS. ADM. CODE § HSS 129.03(1). Kennedy appeals.

## JURISDICTION

To determine whether the director had the authority to review the hearing examiner's order, we must construe § 146.40, STATS., and WIS. ADM. CODE § HSS 129.11. Statutory construction is a question of law which we review *de novo. GTE North Inc. v. PSC*, 176 Wis. 2d 559, 564, 500 N.W.2d 284, 286 (1993). We first examine the language of the statute to determine the legislature's intent and if that language is clear and unambiguous, we go no further. *State ex rel. Frederick v. McCaughtry*, 173 Wis. 2d 222, 225-26, 496 N.W.2d 177, 179 (Ct. App. 1992). We interpret administrative rules using the same rules of statutory construction. *Basinas v. State*, 104 Wis. 2d 539, 546, 312 N.W.2d 483, 486 (1981). Furthermore, we owe no deference to the Department's construction of the statute since it affects the Department's power to proceed. *State ex rel. St. Michael's Evangelical Lutheran Church v. DOA*, 137 Wis. 2d 326, 335, 404 N.W.2d 114, 118 (Ct. App. 1987).

Before reaching the merits of this appeal, the Department makes two initial responses to the jurisdictional issue, both of which we reject. First, the Department argues that because Kennedy did not raise this jurisdictional issue before the Department, she has waived it. We disagree. The jurisdiction of administrative agencies is always open for judicial review.

*Union Indem. Co. v. Railroad Comm'n,* 187 Wis. 528, 538, 205 N.W. 492, 496 (1925). Thus, this issue may be raised at any time. *Wisconsin Employment Relations Bd. v. Lucas,* 3 Wis. 2d 464, 472, 89 N.W.2d 300, 305 (1958). Consequently, whether Kennedy raised this issue before the Department is irrelevant for the purposes of this appeal. We will review it.

Second, the Department contends that Kennedy has taken inconsistent positions on the jurisdiction issue and is now judicially estopped from contesting it before this court. We recognize that Kennedy asked the director not to remand the case to the hearing examiner, but instead to decide the legal issue himself. Now she claims that the director exceeded his jurisdiction when he did what she asked him to do.

Judicial estoppel is an equitable remedy which prevents parties from taking inconsistent positions in legal proceedings. *Coconate v. Schwanz,* 165 Wis. 2d 226, 231, 477 N.W.2d 74, 75 (Ct. App. 1991). But this rule applies only where the challenged actions constitute "cold manipulation and not unthinking or confused blunder, [and] it has never been applied where [the] . . . assertions were based on fraud, inadvertence, or mistake." *State v. Fleming,* 181 Wis. 2d 546, 558, 510 N.W.2d 837, 841 (Ct. App. 1993) (quoted source omitted). The record does not reflect that Kennedy attempted to manipulate the judicial process. Furthermore, parties cannot confer subject matter jurisdiction upon a court by waiver, consent or estoppel. *Wisconsin's Environmental Decade, Inc. v. PSC,* 84 Wis. 2d 504, 515-16, 267 N.W.2d 609, 616-17 (1978). If we do not have jurisdiction, we must so conclude. Consequently, we reject the Department's argument. We may properly review the jurisdictional issue.

449

Turning to the merits of this appeal, the Department contends that the statutes and rules permit the director to review the hearing examiner's determination and enter the order it did. Kennedy argues that the director lacked jurisdiction to review the examiner's order. According to Kennedy, the director reviewed the order and did not conduct a rehearing as permitted by § 227.49(1), STATS. Kennedy asserts that any review of that order should have been directed to the courts and not to the agency.

A nurse's aide may be reported to the Department when he or she is suspected of abusing a patient. Section 146.40(4r)(a), STATS. The Department must then investigate these allegations and, if substantiated, the Department notifies the nurse's aide that his or her name will be entered on a registry unless he or she contests the listing in a hearing before the Department. Section 146.40(4r)(b) and (c). If the nurse's aide requests a hearing, the Department shall hold a hearing under the requirements of ch. 227, STATS., and, if after the presentation of evidence, the hearing officer finds that there is no reasonable cause to believe that the nurse's aide abused the resident, the proceeding is dismissed. Section 146.40(4r)(d). If the hearing officer finds there is reasonable cause to believe that the nurse's aide abused the resident, the nurse's aide's name will be entered on the registry. *Id.* The Department maintains a registry containing a list of persons for whom the department has made a pre-hearing finding of abuse, *see* § 146.40(4g)(a)2, or for whom a hearing officer makes a finding of abuse after a fact-finding hearing, *see* § 146.40(4g)(a)3. Thus, the statutes distinguish between the Department's pre-hearing findings and the examiner's post-hearing findings.

In addition to these statutes, the administrative code further guides the Department's procedure. WISCONSIN ADM. CODE § HSS 129.11(3)(b) provides:

1. If an aide files a timely appeal, the department's office of administrative hearings shall hold a hearing in accordance with s. 227.42, Stats., and issue a written decision as the department's final order within 120 days after the date the appeal was filed, except that the hearing examiner may extend the 120-day period if the aide shows that a substantial reason exists to delay the hearing.

. . . .

3. If the hearing examiner finds there is no reasonable cause to substantiate the alleged action, the finding shall not be entered on the registry.

4. If the hearing examiner finds there is reasonable cause, the department shall enter a summary of the hearing examiner's decision on the registry within 10 working days after the date on which the hearing examiner's decision was mailed.

5. The hearing examiner's written decision shall include:

a. Notice that the aide has the right to submit a brief rebuttal statement in writing to the department to dispute the hearing examiner's decision and, that if submitted, it will be included on the registry; and

b. Notice that the aide has the right to petition for judicial review pursuant to s. 227.53, Stats.

The language of these statutes and the administrative rules indicate that the hearing examiner makes the determination of abuse and that decision is the final agency decision. The statutes and rules do not confer upon the Department the authority to review the examiner's decision. Instead, the language pro-

vides that any review of the examiner's decision shall be made to the courts. The statutes and rules make no reference to a second level of administrative review nor do they permit any person, other than the examiner, to make the determination of abuse. Indeed, the administrative rules and the examiner's order direct an appeal to the courts and not to another Department office. Consequently, the Department exceeded its jurisdiction when the director reviewed the examiner's determination.

The Department responds that the statutes and rules do make repeated references to the hearing examiner or a hearing officer, but that § 146.40(4r)(d), STATS., provides that "the department shall hold a hearing under the requirements of ch. 227." From this, it argues, additional administrative review under ch. 227, STATS., is not precluded. It agues that the references to a hearing officer includes all hearing officers having jurisdiction to act under ch. 227, including the director.

The problem with this argument is twofold. One, it ignores the language of the statutes and rules which make specific references to the hearing examiner and to only one level of agency decision-making. We agree that the Department must hold a hearing consistent with ch. 227, STATS., but such a hearing was held, albeit before the examiner. Two, if we accepted this argument, the BQC or an aggrieved party could make unlimited requests for review by another examiner. That result is ridiculous. The statutes and rules clearly provide that the legislature intended only one level of agency review.

The Department also relies upon § 227.49(1), STATS., which provides that a person aggrieved by a final agency order may petition for a rehearing, or that

an agency, on its own motion, may order a rehearing. It argues that nothing in the statutes or the administrative code prohibits the agency from entertaining a rehearing request, and that § 227.49 is intended to permit an agency to correct errors. Kennedy agrees that this statute applies to this matter and that the BQC had the right to seek a rehearing, but before the hearing examiner who initially decided the matter and not the director.

We agree that a director cannot rehear a matter he or she has never heard in the first place. Only the hearing examiner who made the initial determination may rehear the case. In other words, the examiner may rehear a matter in which he or she was initially involved, but the director may not rehear or review the matter anew.

Finally, the Department argues that under §§ 227.46 and .47, STATS., the Department may review the hearing examiner's determination. But these statutes do not require director review, and the Department has not set up such a procedure for it. Instead, it has provided that the examiner's decision is the final agency decision.

*By the Court.*—Order reversed and cause remanded with directions.