Barry J. STERN, Petitioner-Respondent,

v.

WISCONSIN EMPLOYMENT RELATIONS COMMISSION and
Department of Workforce Development,
Respondents-Appellants.

Barry J. STERN
and Wisconsin State Attorneys Association,
Plaintiffs-Respondents,

v.

STATE of Wisconsin Department of Workforce
Development and Roberta G. Gassman,
in her capacity as Secretary of the Wisconsin
Department of Workforce Development,
Defendants-Appellants.

Court of Appeals

*No. 2005AP3144. Submitted on briefs: June 14, 2006.
—Decided August 24, 2006.*

2006 WI App 193

(Also reported in 722 N.W.2d 594.)

308

311

On behalf of the respondents-appellants, the cause was submitted on the briefs of *David C. Rice*, asst. attorney general, *Jennifer Sloan Lattis*, asst. attorney general, and *Peggy A. Lautenschlager*, attorney general.

On behalf of the petitioners-respondents, the cause was submitted on the brief of *Steven C. Zach, Boardman, Suhr, Curry & Field LLP, Madison.*

Before Lundsten, P.J., Vergeront and Higginbotham, JJ.

¶ 1. VERGERONT, J. The subject of this appeal is a decision by Wisconsin Employment Relations Committee (WERC) dismissing Barry Stern's appeal of his discharge from employment with the Department of Workforce Development (DWD). The circuit court concluded that DWD had waived the matter of the timeliness of Stern's appeal to WERC and remanded for WERC to determine whether Stern had permanent status at the time of his discharge from DWD employment, including a determination of the validity of the extension of his probation. WERC and DWD appeal the circuit court's order.

¶ 2. We resolve the issues raised on this appeal by making the following rulings: (1) Stern's appeal to WERC was an appeal under WIS. STAT. § 230.44(1)(a)[1] of the decision to extend his probation and it was not filed within thirty days as required by § 230.44(3); (2) the time limit in § 230.44(3) may be waived; and (3) WERC,

---

[1] All references to the Wisconsin Statutes are to the 2003–04 version unless otherwise noted.

rather than the circuit court or this court, should decide if DWD waived the defense of the time limit. Therefore, on remand to WERC, if WERC determines that DWD did not waive the time limit, it shall dismiss Stern's appeal; if it determines there was a waiver, it shall decide whether Stern's probation was lawfully extended. Accordingly, we affirm the circuit court's order in part, reverse it in part, and remand with directions to enter an order consistent with this opinion.

## BACKGROUND

¶ 3. The following facts are undisputed. Stern began employment on May 30, 2002, at the DWD Milwaukee office as an administrative law judge (ALJ) in DWD's unemployment compensation division. He was subject to a twelve-month probationary period. On December 2, 2002, Stern transferred to the Madison DWD office and began working as an ALJ in the worker's compensation division. At that time, he was placed on another twelve-month probationary period. By letter dated October 24, 2003, DWD informed Stern that, in accordance with WIS. ADMIN. CODE § ER-MRS 13.05(2),[2] his probationary period, set to expire on December 1, 2003, was being extended by 200 hours to January 4, 2004, based on 200 hours worth of absences during his probationary period. Then, by letter dated

---

[2] WISCONSIN ADMIN. CODE § ER-MRS 13.05(2) (June 2005) provides:

> (2) MORE THAN 174 WORK HOURS. If an employee has such absence from employment totaling more than 174 work hours or the prorated portion for part-time employees, the probationary period shall be extended by the length of the time absent, except that up to 174 work hours or prorated portion for part-time employees may be waived by the appointing authority.

This regulation was in effect at the time relevant to this case.

313

December 30, 2003, DWD notified Stern that his employment with DWD was terminated effective December 30, 2003.

¶ 4. On January 30, 2004, Stern filed with WERC an "Appeal of Discharge"; the heading stated it was "[f]iled under § 230.44, Wis. Stats.," but it did not identify any subsection. Stern asserted in his appeal that his probationary period had been unlawfully extended because the absences on which the extension was based were ones for which he did not need approval from DWD; thus, they could not be a basis for extending his probation. According to Stern, he had therefore been an employee with permanent status at the time of his discharge, and his discharge was without just cause, which is required for discharge of an employee with permanent status. *See* WIS. STAT. § 230.34(1)(a).[3]

¶ 5. DWD moved to dismiss Stern's appeal. It argued that WERC did not have jurisdiction over Stern's appeal under WIS. STAT. § 230.44(1)(c) because that paragraph addresses appeals only by employees with permanent status and Stern was a probationary employee at the time he was discharged.[4] Stern's probation had been lawfully extended, DWD argued, because the extension was based on absences it had approved in accordance with WIS. ADMIN. CODE § ER-MRS 13.05.

___

[3] WISCONSIN STAT. § 230.34(1)(a) provides: "An employee with permanent status in class . . . may be . . . discharged only for just cause."

[4] WISCONSIN STAT. § 230.44(1)(c) provides: "If an employee has permanent status in class . . . the employee may appeal a demotion, layoff, suspension, discharge or reduction in base pay to the commission, if the appeal alleges that the decision was not based on just cause."

¶ 6. In opposition to DWD's motion to dismiss, Stern argued that WERC had jurisdiction to decide as a preliminary issue whether he was a probationary or a permanent employee at the time of his discharge, because if he was a permanent employee, WERC had jurisdiction under Wis. Stat. § 230.44(1)(c) to decide whether he was discharged for just cause. Stern acknowledged that, because of the collective bargaining agreement covering him, if WERC determined he was an employee with permanent status at the time of his discharge, the appeal of his discharge would be decided by an arbitrator, not by WERC.

¶ 7. After briefing from the parties, WERC issued an order dismissing Stern's appeal. It concluded that it lacked "subject matter jurisdiction" over the appeal as one filed under Wis. Stat. § 230.44(1). WERC explained that, if Stern was a probationary employee at the time of his discharge, then WERC lacked the authority to hear his appeal because he did not have the permanent status required for an appeal under § 230.44(1)(c). Even if Stern did have permanent status when he was discharged, WERC stated, it would still lack jurisdiction to determine whether his discharge had been for just cause because, under Wis. Stat. §§ 111.93(3) and 230.34(1)(ar),[5] his appeal would be governed by the terms of the collective bargaining agreement. Finally,

---

[5] Wisconsin Stat. § 111.93(3) provides:

(3) Except as provided in ss. 7.33(4), 40.05, 40.80(3), 111.91(1)(cm), 230.35(2d) and (3)(e)6., and 230.88(2)(b), if a collective bargaining agreement exists between the employer and a labor organization representing employees in a collective bargaining unit, the provisions of that agreement shall supersede the provisions of civil service and other applicable statutes, as well as rules and policies of the board of regents of the University of Wisconsin System, related to wages, fringe benefits, hours, and

315

WERC concluded that to the extent Stern was seeking to obtain review of DWD's decisions to establish a new twelve-month probationary period and to extend his probation by 200 hours as separate personnel transactions, it lacked the authority to review those decisions. There is a thirty-day time limit in § 230.44(3) that is applicable to those decisions, WERC stated. Thus, even if Stern's January 30, 2004 appeal were "construed as an appeal of [DWD's] November 8, 2002 establishment of a new twelve-month probationary period or of [DWD's] October 24, 2003 action to extend [Stern's] probation," it would be untimely under § 230.44(3).

¶ 8. Stern sought judicial review of WERC's decision. Both Stern and DWD agreed that the sole issue on review was whether WERC had the authority to determine whether DWD's extension of Stern's probationary period was legal. They also agreed that neither Stern nor DWD had raised the issue of the thirty-day time limit in WIS. STAT. § 230.44(3) and that the time limit issue was first raised in WERC's decision. Stern argued that his appeal was timely under § 230.44(3) because: (1) he filed the appeal of discharge within thirty days of being discharged; and, (2) the extension of his probation "did not become effective for purposes

conditions of employment whether or not the matters contained in those statutes, rules, and policies are set forth in the collective bargaining agreement.

WISCONSIN STAT. § 230.34(1)(ar) provides in part:

. . . employees specified in s. 111.81(7)(a) in a collective bargaining unit for which a representative is recognized or certified, or for employees specified in s. 111.81(7)(b) or (c) in a collective bargaining unit for which a representative is certified, if a collective bargaining agreement is in effect covering employees in the collective bargaining unit, the determination of just cause and all aspects of the appeal procedure shall be governed by the provisions of the collective bargaining agreement.

of starting the appeal time until the last day of the extension, i.e., the date of his termination." Stern also argued DWD waived any defense based on the time limit in § 230.44(3) by not raising it as a defense in its motion to dismiss Stern's appeal to WERC.

¶ 9. WERC's position, with which DWD concurred,[6] was that, while the thirty-day limit in Wis. Stat. § 230.44(3) was "arguably subject to waiver," DWD did not waive any objection on this basis when it failed to raise this issue in its motion to dismiss before WERC because Stern's appeal did not explicitly state that it was filed under § 230.44(1)(a). WERC and DWD also disputed Stern's contention that the thirty-day time limit to appeal the decision to extend probation did not begin to run until the date of his discharge.

¶ 10. The circuit court rejected Stern's argument that his appeal of the decision to extend probation was timely under Wis. Stat. § 230.44(3). However, it agreed with Stern that the time limit in § 230.44(3) was the type of time limit that is subject to waiver under the principles established in the case law, and it decided that DWD had waived a defense based on this time limit. The circuit court therefore ordered Stern's appeal of WERC's decision remanded to WERC for a determination of whether Stern achieved permanent status in class at the time of his discharge, including a determination of whether the 200 hour probation extension was legal.[7]

---

[6] In the circuit court, DWD concurred with WERC's brief and chose not to file one of its own.

[7] In addition to his appeal to WERC, Stern, along with the Wisconsin State Attorneys Association, filed a grievance against DWD pursuant to the collective bargaining agreement governing Stern. In the grievance, Stern alleged that he was discharged without cause and, because he was an employee with

## ANALYSIS

¶ 11. On appeal, WERC and DWD (the appellants) argue that the circuit court erred because the time limit in Wis. Stat. § 230.44(3) is not subject to waiver, and, even if it is, DWD did not waive it. Stern responds that the circuit court correctly decided both those issues, and, in the alternative, that his appeal was timely in any event. We address the issue of timeliness first, and then the issues whether the time limit may be waived, and, if so, whether DWD waived it.

I. Does Stern's Appeal to WERC Meet the Time Limit of Wis. Stat. § 230.44(3)?

¶ 12. Wisconsin Stat. § 230.44(1)(a), (c), and (3) provide in relevant part:

> **Appeal procedures. (1)** Appealable actions and steps. Except as provided in par. (e), the following are actions appealable to the commission under s. 230.45 (1) (a):
>
> (a) *Decision made or delegated by administrator.* Appeal of a personnel decision under this subchapter

---

permanent status in class at the time of his discharge, the issue of whether his discharge was for just cause should be decided by an arbitrator under the collective bargaining agreement. DWD contended that Stern did not have permanent status at the time. The arbitrator concluded that the issue whether Stern was or was not a probationary employee was not arbitrable under the terms of the collective bargaining agreement. Stern sought judicial review of this decision and it was consolidated with the judicial review of WERC's decision. In its oral decision, the circuit court stated that the arbitrator correctly decided she did not have the authority to determine whether Stern had permanent status. The written order stayed that case pending WERC's decision on remand. This appeal does not involve the arbitrator's decision.

made by the administrator or by an appointing authority under authority delegated by the administrator under s. 230.05 (2).

. . . .

(c) *Demotion, layoff, suspension or discharge.* If an employee has permanent status in class, or an employee has served with the state as an assistant district attorney for a continuous period of 12 months or more, the employee may appeal a demotion, layoff, suspension, discharge or reduction in base pay to the commission, if the appeal alleges that the decision was not based on just cause.

. . . .

**(3)** TIME LIMITS. Any appeal filed under this section may not be heard unless the appeal is filed within 30 days after the effective date of the action, or within 30 days after the appellant is notified of the action, whichever is later, . . . .

¶ 13. The parties agree that DWD's decision to extend his probation by 200 hours was a personnel decision within the meaning of WIS. STAT. § 230.44(1)(a) and therefore could be appealed if the appeal was filed within thirty days of "the effective date of the action, or [of the date on which] the appellant is notified of the action, which ever is later." Section 230.44(3). They disagree on when the thirty days began to run. Stern argues that it did not begin to run until the decision had an effect on his employment situation, which, he asserts, did not occur until his discharge on December 30, 2003. According to Stern, that was the first date on which the probation extension made a difference in his status because he could not have been discharged without just cause had probation not been extended.

319

The appellants argue that the term "effective date of the action" in the statute plainly means the date of which the decision to extend probation takes effect, and that date was December 1, 2003, the date on which his probation would have expired had it not been extended.

██

¶ 14. A resolution of this issue requires a construction of Wis. Stat. § 230.44(3) and its application to undisputed facts. This presents a question of law, which we generally review de novo. *General Cas. Co. v. Wisconsin Dep't of Revenue*, 2002 WI App 248, ¶ 4, 258 Wis. 2d 196, 653 N.W.2d 513. Although courts may give deference to an agency's conclusion of law in certain situations, *UFE Inc. v. LIRC*, 201 Wis. 2d 274, 284, 548 N.W.2d 57 (1996), here both parties agree that our review is de novo.[8] We agree a de novo standard is appropriate on this issue. Although WERC decided that the appeal of the probation extension was untimely under § 230.44(3), because WERC raised this statute sua sponte and decided it without briefing from the parties, WERC did not address the specific issue of the meaning of "effective date" in the statute.

¶ 15. When we construe a statute, we begin with the language of the statute and give it its common, ordinary, and accepted meaning, except that technical or specially defined words are given their technical or special definitions. *State ex rel. Kalal v. Circuit Court for Dane County*, 2004 WI 58, ¶ 45, 271 Wis. 2d 633, 681 N.W.2d 110. We interpret statutory language in the

[8] The parties do not address our standard of review separately for each issue but instead state that all issues are subject to de novo review. We discuss the appropriate standard of review for each issue.

context in which it is used, not in isolation but as part of a whole, in relation to the language of surrounding or closely related statutes, and we interpret it reasonably to avoid absurd or unreasonable results. *Id.*, ¶ 46. We also consider the scope, context, and purpose of the statute insofar as they are ascertainable from the text and structure of the statute itself. *Id.*, ¶ 48. If, employing these principles, we conclude the statutory language has a plain meaning, then we apply that plain meaning. *Id.*, ¶ 47.

¶ 16. We agree with the appellants that the plain meaning of "effective date of the action" is the date on which the action takes effect. The action in this case was the extension of Stern's probation, and the extension took effect at the time his prior probationary period expired.

¶ 17. Stern argues that it makes no sense to have the appeal run from the date the probation extension begins because there is no reason to appeal the extension as long as one is not discharged without just cause. We do not agree that giving the language its plain meaning produces an unreasonable result. The extension of probation means an extension of the period of time during which an employee is without the protections afforded a permanent employee. In that sense, the extension is an adverse decision in and of itself. It is reasonable for the legislature to decide that, if the employee has a basis on which to object to that action, the time limit for doing so runs from the date on which the action takes effect or the date on which the employee is notified, whichever is later: those are each fixed dates from which the appeal time can be calculated with certainty by both the employee and the employer. The legislature's intent to do

just this is plainly expressed in the language of Wis. Stat. § 230.44(3).

¶ 18. Stern also argues that he was appealing his discharge under Wis. Stat. § 230.44(1)(c) and he filed his appeal within thirty days of that action. However, § 230.44(1)(c) applies only "if an employee has permanent status . . . ." Only then is just cause for discharge required, *see* Wis. Stat. § 230.34(1); and the appealable issue is then whether there was just cause for discharge. Stern did not have permanent status when he was discharged because his probation had been extended, and DWD did not assert there was just cause for discharging him. Stern's assertion in his appeal to WERC that his probationary status was unlawful is a challenge to the extension of his probation, and that decision is appealable under § 230.44(1)(a). Stern's proposed construction of § 230.44(1)(c) is unreasonable both because it ignores the plain language of para. (c) and because it has the effect of extending the appeal time for decisions to extend probation in a manner that we have just held is not the legislature's intent as expressed in the plain language of § 230.44(3).

¶ 19. Stern argues that in fairness he must have a forum to litigate the issue of whether he was a permanent or a probationary employee at the time of his discharge. He asserts that, because the collective bargaining agreement provides for arbitration only if he is a permanent employee, *see supra* note 5, WERC must have the authority to decide if he is a permanent or a probationary employee. According to Stern, we must construe Wis. Stat. § 230.44(1)(a), (c), and (3) to give WERC the authority to decide whether DWD lawfully extended his probation because otherwise DWD's action will not be reviewed and he will have no recourse to challenge his discharge.

¶ 20. This argument overlooks the procedure that was available to Stern for appealing DWD's decision to extend probation under Wis. Stat. § 230.44(1)(a). Had Stern appealed that decision within the time required by § 230.44(3), WERC would have decided that issue. If it decided his probation was lawfully extended, there would be no question that he was not a permanent employee at the time of discharge, that he could be discharged without just cause, and that the issue of his discharge was not arbitrable under the collective bargaining agreement. On the other hand, if WERC had decided his probation was not lawfully extended, then his status at the time of discharge would have been permanent, entitling him to a hearing before an arbitrator on whether DWD had probable cause to discharge him. If Stern ultimately does not obtain review of DWD's decision on the lawfulness of his probation extension, it will be because his appeal of that decision was not timely filed and the untimeliness either may not be waived or was not waived.

¶ 21. We conclude that Stern's appeal to WERC was an appeal under Wis. Stat. § 230.44(1)(a), not an appeal under para. (c). We also conclude the appeal was not filed within the thirty-day time limit as required by § 230.44(3). We therefore turn to the question whether that time limit may be waived.

II. May the Time Limits in Wis. Stat. § 230.44(3) be Waived?

¶ 22. Whether the time limit in Wis. Stat. § 230.44(3) may be waived involves two inquiries: first, does this statutory mandate affect WERC's

subject matter jurisdiction, on the one hand, or WERC's competency to proceed, on the other; and, second, if it affects WERC's competency, may it be waived. These are questions of law. *See Village of Trempealeau v. Mikrut*, 2004 WI 79, ¶ 7, 273 Wis. 2d 76, 681 N.W.2d 190. We agree with the parties that our review of these issues is de novo, i.e., without deference to WERC, because WERC did not address these issues.[9]

¶ 23. The parties agree that the time limit in Wis. Stat. § 230.44(3) affects WERC's competency to proceed, not its subject matter jurisdiction. We conclude this is correct for the following reasons.

¶ 24. Subject matter jurisdiction, in general, is the power of a tribunal to treat a certain subject matter in general, while competency is a narrower concept relating to the statutory conditions imposed on the exercise of subject matter jurisdiction in individual cases. *Association of Career Employees v. Klauser*, 195 Wis. 2d 602, 608–09 n.7, 536 N.W.2d 478 (Ct. App. 1995) (citations omitted); *see also Trempealeau*, 273 Wis. 2d 76, ¶ 9. When the concepts of subject matter jurisdiction and competency are applied to circuit courts, the distinction is that subject matter jurisdiction is plenary and constitutionally-based and is not affected by statutes, whereas statutory requirements may affect a court's competency, depending on the nature of the requirement.[10] *Id.* In contrast, the subject matter juris-

[9] There may be other reasons that de novo review would be appropriate even if WERC had addressed these issues, but it is unnecessary to consider them.

[10] We observe that the supreme court in *Village of Trempealeau v. Mikrut*, 2004 WI 79, ¶ 10, 273 Wis. 2d 76,

diction of administrative agencies—that is, their authority to hear certain subject matters in general—is conferred and specified by statute. *See State v. DILHR*, 77 Wis. 2d 126, 136, 252 N.W.2d 353 (1977) (powers of an administrative agency are limited to those expressly authorized or fairly implied by the statute under which it operates). Nonetheless, the distinction between subject matter jurisdiction and competency with respect to administrative agencies is a meaningful one, and it parallels the counterpart distinction with respect to circuit courts. Statutes such as WIS. STAT. §§ 230.44(1) and 230.45(1),[11] which establish the nature of the matters an administrative agency is authorized to hear, define subject matter jurisdiction, whereas statutory requirements that pertain to the invocation of that jurisdiction in individual cases, such as WIS. STAT. § 230.44(3), may affect an agency's competency to proceed.

---

681 N.W.2d 190 (citations omitted), which was concerned with a circuit court's competency, stated that not all statutory mandates implicate a circuit court's competency, only those that are " 'central to the statutory scheme' of which it is a part . . . ." No party in this case argues that the time limit in WIS. STAT. § 230.44(3) is a type of statutory mandate that does not affect competency.

[11] WISCONSIN STAT. § 230.45 provides:

> **Powers and duties of commission and division of equal rights.** (1) The commission shall:
>
> (a) Conduct hearings on appeals under s. 230.44.
>
> . . . .
>
> (c) Serve as final step arbiter in the state employee grievance procedure established under s. 230.04(14).
>
> (d) Hear appeals under s. 230.36(4).
>
> (e) Hear appeals, when authorized under county merit system rules under s. 49.78(4), from any interested party.

¶ 25. As the parties point out, in *Association of Career Employees*, 195 Wis. 2d at 608 n.7, we agreed with the circuit court that a party's failure to file an appeal to WERC under WIS. STAT. § 230.44(3) affected WERC's competency to proceed, not its subject matter jurisdiction. Although the issues in that case warranted only a brief footnote on this point, we affirm that footnote as a correct statement of the law.

¶ 26. Because the time limit in WIS. STAT. § 230.44(3) affects WERC's competency to proceed, not its subject matter jurisdiction, we next consider whether it is subject to waiver.[12] Two recent supreme court cases have addressed waiver of statutory requirements that affect a circuit court's competency to proceed, and the parties arguments focus on these cases: *Trempealeau* and *State v. Michael S.*, 2005 WI 82, 282 Wis. 2d 1, 698 N.W.2d 673.

¶ 27. In *Trempealeau*, the statutory requirements at issue related to the issuance of citations by a municipality. 273 Wis. 2d 76, ¶ 6. The plaintiff did not raise these deficiencies in the circuit court until after the circuit court found him guilty and after a direct appeal, when he moved to vacate the judgment. *Id.*, ¶¶ 5–6. After stating that the circuit court's competency was implicated, not its subject matter jurisdiction, the court conducted a thorough review of the case

---

[12] We agree with the parties' implicit assumption that, if WIS. STAT. § 230.44(3) *did* affect WERC's subject matter jurisdiction, rather than its competency, it would not be subject to waiver. *See Kennedy v. DHSS*, 199 Wis. 2d 442, 448–49, 544 N.W.2d 917 (Ct. App. 1996) (the issue of an administrative agency's authority to hear a type of matter in general is not waived if it was not raised before the agency; it may be raised at any time).

law on waiver of competency challenges, which, it noted, had not been consistent. *Id.*, ¶¶ 18–26. The court concluded:

> . . . the following principles are sound and should be maintained: the common-law waiver rule applies to challenges to the circuit court's competency, such that a challenge to the court's competency will be deemed waived if not raised in the circuit court, subject to the inherent authority of the reviewing court to disregard the waiver and address the merits of the unpreserved argument or to engage in discretionary review under Wis. Stat. §§ 751.06 or 752.35. Because competency does not equate with subject matter jurisdiction, we see no reason not to apply the rule of waiver to these challenges as a general matter. A judgment rendered where competency is lacking is not void for lack of subject matter jurisdiction.
>
> . . . .
>
> Because the competency challenge in this case is not premised upon noncompliance with statutory time limitations, we do not decide whether the particularized rule of nonwaiver stated in *B.J.N.*[13] (statutory time periods cannot be waived) should be maintained.

*Id.*, ¶¶ 27, 30 (footnote added).

¶ 28. In *Michael S.*, the court considered the requirement in Wis. Stat. § 938.365(6) that, if a request is made to extend a dispositional order in a juvenile proceeding prior to the expiration of the order and the

---

[13] In *B.J.N. v. H.N.*, 162 Wis. 2d 635, 658, 469 N.W.2d 845 (1991), the court held that under Wis. Stat. § 48.365(6) the circuit court lost its competency to exercise its jurisdiction in a CHIPS proceeding when, after extending the dispositional order for thirty days, no hearing was held during those thirty days; the loss of competency could not be waived after the thirty days ended.

court is unable to hold a hearing on the request before the expiration, the court may extend the order for not more than thirty days. 282 Wis. 2d 1, ¶ 2. In that case, the hearing on the extension was held the day after the order expired; the circuit court had not extended the order for thirty days. *Id.*, ¶¶ 37–38. Michael S. argued that under *B.J.N. v. H.N.*, 162 Wis. 2d 635, 469 N.W.2d 845 (1991), decided under the predecessor statute to § 938.365(6), the court lost competency once the order expired. *Michael S.*, 282 Wis. 2d 1, ¶ 46. The State argued that Michael S. had waived the challenge by not objecting to the scheduling of the extension hearing for the day after the order was to expire. *Id.*, ¶ 47. The State relied on *Trempealeau* and the statute providing that a failure to object waives time limits, WIS. STAT. § 938.315(3).[14] *Id.* The court concluded that in *Trempealeau* it had expressly left open the issue whether statutory time periods were subject to waiver and it saw no reason to overrule *B.J.N. Id.*, ¶¶ 70–74. The court also concluded that § 938.315(3) was inapplicable because, as it held in *B.J.N.*, the expiration of a dispositional order is not a "time limit" within the meaning of § 938.315(3). *Id.*, ¶¶ 61–67.

¶ 29. The appellants argue that *Michael S.* supports its position that the time limit in WIS. STAT. § 230.44(3) may not be waived. However, we agree with Stern and the circuit court that neither *Michael S.* nor *B.J.N.* provide a sufficiently close analogy to this case. The court's reasoning in *B.J.N.* was that, once the order

---

[14] WISCONSIN STAT. § 938.315(3) provides:

> **(3)** Failure to comply with any time limit specified in this chapter does not deprive the court of personal or subject matter jurisdiction or of competency to exercise that jurisdiction. Failure to object to a period of delay or a continuance waives the time limit that is the subject of the period of delay or continuance . . . .

expired, it "no longer carries any force of law" and so could not be revived by the "objecting party's failure to expressly raise the loss of competence at the earliest available moment . . . ." 162 Wis. 2d at 658. As the *Michael S.* court noted, this reasoning in *B.J.N.* was based on "the text of the statutory provisions and the objectives of the drafters of the Children's Code . . . ." *Michael S.*, 282 Wis. 2d 1, ¶ 54.

¶ 30. In addition to the lack of similarity to the specific statutory text and objectives at issue in *Michael S.* and *B.J.N.*, there is another difference between the time period at issue in those cases and Wis. Stat. § 230.44(3): the latter establishes the time limitation for seeking relief from the tribunal—in this case, the administrative agency—and thus is in essence a statute of limitations. We agree with Stern that *Milwaukee County v. LIRC*, 113 Wis. 2d 199, 335 N.W.2d 412 (Ct. App. 1983), provides a better analogy because it addresses a similar time limit for filing complaints with an administrative agency.

¶ 31. In *Milwaukee County*, we first addressed the issue whether the 300 day time limit in Wis. Stat. § 111.39(1) for filing a discrimination complaint with DWD[15] was a "statute of limitations or a statute concerning subject matter jurisdiction."[16] *Id.* at 203. We concluded the statutory language was ambiguous and consulted the legislative history, which referred to it as

---

[15] At the time *Milwaukee County v. LIRC*, 113 Wis. 2d 199, 335 N.W.2d 412 (Ct. App. 1983) was decided, Wis. Stat. § 111.39(1) was numbered Wis. Stat. § 111.36(1) and DWD was known as the Department of Industry, Labor and Human Relations.

[16] We decided *Milwaukee County* before the term "competency" was consistently used in the case law. *See, e.g., B.J.N.*, 162 Wis. 2d at 656 n.17, discussing prior case law.

a "statute of limitations"; we therefore concluded the time limit was a statute of limitations. *Id.* at 205. We next considered whether a defense based on this statute of limitations could be waived before the examiner, and we concluded that it could be. *Id.* Finally, we decided that the time limit had been waived in that case because it was not asserted in the petition for judicial review and was waived in the stipulation before the examiner. *Id.* at 206.[17]

¶ 32. We see no reason to distinguish, for purposes of waiver, between the statutory time limit for filing a discrimination complaint with DWD under Wis. Stat. § 111.39(1) and the statutory time limit for appealing a DWD personnel decision to WERC under Wis. Stat. § 230.44. In both circumstances, there is an administrative procedure established for redress of complaints and the legislature has established time limits for filing the complaints. The evident purpose of the time limits is to ensure a filing within a reasonable time from the date of the acts complained of. We see no reason why the respondent, the party who benefits from the time limitation on filing, should not be subject to waiver if the respondent does not properly raise the issue of a late filing before the administrative agency

---

[17] The supreme court has recently referred to our holding in *Milwaukee County* in *Motola v. LIRC*, 219 Wis. 2d 588, 595 n.6, 580 N.W.2d 297 (1998):

> [Wisconsin] Stat. § 111.39(1) provides that "the department may receive and investigate a complaint charging discrimination . . . in a particular case if the complaint is filed with the department no more than 300 days after the alleged discrimination . . . occurred." This statute of limitations may be waived as an affirmative defense. *See [Milwaukee Co.,* 113 Wis. 2d at 205.] Here, the city has not raised the statute of limitations as a defense.

hearing the matter. The objectives of the waiver rule, as explained by the court in *Trempealeau,* are fully consistent with the application of the waiver rule in that situation:

> The waiver rule serves several important objectives. Raising issues at the trial court level allows the trial court to correct or avoid the alleged error in the first place, eliminating the need for appeal . . . . It also gives both parties and the trial judge notice of the issue and a fair opportunity to address the objection . . . . Furthermore, the waiver rule encourages attorneys to diligently prepare for and conduct trials . . . . Finally, the rule prevents attorneys from "sandbagging" errors, or failing to object to an error for strategic reasons and later claiming that the error is grounds for reversal . . . . For all these reasons, the waiver rule is essential to the efficient and fair conduct of our adversary system of justice.

*Trempealeau,* 273 Wis. 2d 76, ¶ 16 (quoting *State v. Huebner,* 2000 WI 59, ¶ 12, 235 Wis. 2d 486, 611 N.W.2d 727). While the *Trempealeau* court was addressing litigation in circuit court, the reasoning applies with equal force to a dispute before an administrative agency.

¶ 33. We conclude that the time limit in Wis. Stat. § 230.44(3) may be waived.

III. Did DWD Waive the Time Limits in Wis. Stat. § 230.44(3)?

¶ 34. As noted above, the circuit court decided that DWD had waived the issue of the timeliness of Stern's appeal under Wis. Stat. § 230.44(3). Presumably the court reached this conclusion because DWD did not raise the issue in its motion to dismiss. The appellants argue that the court erred in determining there was a

waiver. First, they assert, Stern's appeal did not expressly allege a violation of § 230.44(1)(a) and "likely" DWD did not raise the time limit because it believed Stern's appeal arose under § 230.44(1)(c), not (1)(a). In any case, they assert, the procedural rules for proceedings before WERC do not support a waiver in this situation. They point out that the rules do not require an answer to an appeal.[18] A rule does provide for motions, and, in particular, for motions to dismiss for lack of subject matter jurisdiction, WIS. ADMIN. CODE § PC 1.08(3) (Jan. 2003); but, according to the appellants, no rule addresses whether a party waives a defense if it is not raised by motion.[19] On the other hand, the appellants point out, the rules include a prehearing conference and one of the purposes of the

---

[18] WISCONSIN ADMIN. CODE § PC 3.05 (Dec. 2003) provides:

> **Answers.** Respondents may file written answers within 20 days after service of the appeal. If no answer is filed, every material allegation of the appeal is in issue.

[19] WISCONSIN ADMIN. CODE § PC 1.08(1)-(3) (Jan. 2003) provides:

> **Motions. (1)** HOW MADE. An application to the hearing examiner or the commission for an order shall be by motion which, unless made during a hearing or a prehearing conference, shall be made in writing, shall state with particularity the grounds therefor, and shall set forth the relief or order sought.
>
> **(2)** SUPPORTING PAPERS. Any briefs or other papers in support of a motion, including affidavits and documentary evidence, shall be filed with the motion.
>
> **(3)** MOTIONS TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION. Any party may move at any time to dismiss a case on the ground the commission does not have subject matter jurisdiction. The commission may raise issues on its own motion relating to its jurisdiction to hear the matter or some matter raised in an appeal or complaint. Each party shall be afforded an opportunity to file written arguments regarding the motion.

conference is "to formulate a statement of the issues presented by a case . . . ." Wis. Admin. Code § PC 4.01(1) (Jan. 2003).[20] The appellants' position is that a party's failure to raise in a motion to dismiss a defense of untimeliness under § 230.44(3) does not waive that defense as long as the party raises it at the prehearing conference. In Stern's case, no prehearing conference had been held when DWD filed its motion to dismiss.

¶ 35. Stern responds that it is mere speculation why DWD did not raise the time limit in Wis. Stat. § 230.44(3) in its motion and, in any case, the reason is irrelevant. According to Stern, DWD waived the issue by not raising it in its motion and WERC erred in raising the issue sua sponte because it did not concern WERC's subject matter jurisdiction. Stern does not address the procedural rules governing the proceeding before WERC.

¶ 36. We agree with the appellants that the procedural rules governing the proceeding before WERC are critical to a waiver analysis in this case. If no rule expressly requires that a defense based on the time limit in Wis. Stat. § 230.44(3) be raised at a particular time in the proceedings before WERC, as appears to be the case, then the question arises whether WERC has interpreted the rules to require that it be raised by a particular time. As we have stated, WERC's position in its appellate brief is that a defense of timeliness is not waived if it is raised at the prehearing conference. But

---

[20] Wisconsin Admin. Code § PC 4.01(1) (Jan. 2003) provides:

**Prehearing conferences. (1)** Purpose. Prehearing conferences are intended to provide an opportunity to formulate a statement of the issue or issues presented by a case, to identify potential witnesses, to attempt to reconcile differences among the parties and promote the settlement of cases and to perform any other functions in aid of the disposition of the case.

we have no way of knowing on the present record whether that has been WERC's practice—or even whether WERC has ever had occasion to address this issue previously.

¶ 37. It is certainly true that WERC has discretion in the manner of conducting proceedings before it when a rule or statute does not address a particular matter. *See* WIS. ADMIN. CODE § PC 5.03(1) (Jan. 2003) "**Conduct of hearings. (1)** GENERALLY. The commission is not bound by the strict rules of procedure and the customary practices of courts of law." *See also Verhaagh v. LIRC*, 204 Wis. 2d 154, 160, 554 N.W.2d 678 (Ct. App. 1996) (exercise of discretion is integral to the functioning of administrative agencies, just as it is to circuit courts). Thus it may be that, if the rules governing the proceeding before WERC do not address when the issue of timeliness under WIS. STAT. § 230.44(3) must be raised, WERC has discretion to decide at what point in the proceeding it is waived if not raised earlier.

¶ 38. Because WERC did not consider whether DWD waived the issue of timeliness by not including that issue in its motion, and because whether waiver occurred involves a construction of WERC's rules and, perhaps, the exercise of WERC's discretion, we conclude the appropriate course is to permit WERC on remand to decide whether DWD waived the timeliness issue. We generally defer to administrative agencies on the construction of their own rules, *Kruczek v. Wisconsin Dep't of Workforce Dev.*, 2005 WI App 12, ¶ 12, 278 Wis. 2d 563, 692 N.W.2d 286, and we defer to agencies' exercise of their discretion. *Verhaagh*, 204 Wis. 2d at 160. Therefore, whether there was a waiver in this case is more properly decided in the first instance by WERC.

## CONCLUSION

¶ 39. We conclude that Stern's appeal to WERC was an appeal under Wis. Stat. § 230.44(1)(a) of the decision to extend his probation and was not filed within thirty days as required by § 230.44(3). We also conclude that the time limit in § 230.44(3) may be waived. Because WERC did not decide whether DWD waived the issue of the time limit and because we conclude that WERC, rather than the circuit court or this court, should decide in the first instance if there was a waiver, this matter shall be remanded to WERC to decide this issue. On remand, WERC shall give the parties the opportunity to file written argument on the issue of waiver before deciding it.[21] If WERC determines that DWD did not waive the time limit, it shall

---

[21] We observe that Wis. Admin. Code § PC 1.08(3) provides that "the commission may raise issues on its own motion relating to its jurisdiction to hear a matter or some matter raised in an appeal or complaint. Each party shall be afforded an opportunity to file written arguments on the motion." Although Stern does not directly address this provision, it appears he may be arguing that it grants WERC the authority to raise on its own motion only issues relating to its subject matter jurisdiction, which, as the appellants agree and we have held, would not include the time limit in Wis. Stat. § 230.44(3). The appellants do not discuss whether they construe § PC 1.08(3) to grant WERC authority to raise on its own motion issues other than subject matter jurisdiction, but it is implicit in their arguments that WERC could properly raise on its own motion the issue of the time limit. It is not necessary to resolve the proper construction of this rule on this appeal, but we do conclude that, whatever the scope of the issues that WERC may raise on its own motion under § PC 1.08(3), "each party shall be afforded the opportunity to file written arguments regarding that motion." Section PC 1.08(3). That did not happen here. On remand the parties will have that opportunity.

dismiss Stern's appeal; if it determines there was a waiver, it shall decide whether Stern's probation was lawfully extended.

¶ 40. Accordingly, we affirm the circuit court's order in part, reverse it in part, and remand with instructions to enter an order consistent with this opinion.

*By the Court.*—Order affirmed in part; reversed in part and cause remanded with directions.