ANNETTE KINGSLAND ZIEGLER, J.
¶ 57. (concurring in part, dissenting in part). I join the opinion of the court and its conclusion to reverse the order of the circuit court. I agree that under the specific facts of this case, and based on the arguments raised, Valadez has established that her pleas are likely to result in her exclusion from admission to this country.
¶ 58. I do not join the decision to "remand the cause to the circuit court to vacate the judgments of conviction and to permit Ms. Valadez to withdraw her guilty pleas and enter new pleas," majority op., ¶ 9, because there may be other impediments to the withdrawal of Valadez's pleas. Instead, I would remand for further proceedings, which may indeed result in withdrawal of Valadez's guilty pleas or perhaps, could result in a determination of how to proceed if the State has somehow preserved the issues raised by Justice Prosser. If so, the circuit court could be called upon to decide on remand whether Valadez's motion to withdraw her guilty pleas is time-barred. See, e.g., Stern v. WERC, 2006 WI App 193, ¶ 38, 296 Wis. 2d 306, 722 N.W.2d 594 (remanding to allow agency to decide whether party had waived timeliness issue); Jungels *352 v. Pierce, 825 F.2d 1127, 1132 (7th Cir. 1987) ("These are issues to be explored on remand, unless waived.").
¶ 59. To be clear, even if not deemed to be properly raised in the case at issue, however, arguments regarding the application of time limits to a motion premised on Wis. Stat. § 971.08(2) remain viable for a future case because we do not decide that issue today. The present opinion of this court does not resolve the question of how long is too long to wait to bring a challenge based upon the failure of a court to give the warning required under Wis. Stat. § 971.08(l)(c). Our opinion certainly does not conclude that the amount of time that Valadez waited to file her motion for plea withdrawal was reasonable or that Valadez's claim was otherwise timely. The issue of timeliness was not pursued in the case at issue; thus, it remains undecided.
¶ 60. Despite the logic of Justice Prosser's dissent regarding the time period within which a motion for plea withdrawal based on Wis. Stat. § 971.08(2) should be filed, I do not join the dissent because I would prefer to reach a conclusion on that issue after meaningful briefing and argument. Here, given the posture of the case and the State's concessions, this was not done. See Swatek v. Cnty. of Dane, 192 Wis. 2d 47, 52 n.1, 531 N.W.2d 45 (1995) (citation omitted) ("[T]here are real problems with addressing unmade claims and developing the arguments for one side to a dispute."). Moreover, we often benefit from the analysis of the courts below; there was no analysis in this case of the issues raised by the dissent. Therefore, I conclude that this court could benefit from these issues being fully vetted on remand or in a future case.
*353 ¶ 61. Importantly, as stated, the court does not decide today whether there are any time constraints on the assertion of Wis. Stat. § 971.08(2) claims or whether Valadez timely raised her claim. Indeed, I emphasize that I do not join the opinion of the court if it is read to resolve this issue.[1] Justice Prosser's dissent seemingly fears that the opinion of the court could be construed as foreclosing the possibility of a time limit on § 971.08(2) claims. See Dissent, ¶ 108.1 write to dispel that notion, as the court does not reach that conclusion.
¶ 62. On the contrary, the opinion of the court leaves the issue alive and well. The opinion of the court is clear on this point; although the opinion addressed the first question that was certified to this court, it did not address the second. See Majority op., ¶¶ 8-11 ("The appeal presents two questions: ... 2. Is there a time limit for a defendant to file a motion to withdraw a plea based on Wis. Stat. § 971.08(2)? . . . We do not respond to the second question.").[2] More *354 over, while the question posed in the second certified question could be interpreted in the manner in which Justice Prosser interprets it, it could also be interpreted much more narrowly. It is far from clear that the second issue, as raised by Justice Prosser, is in fact before the court. What we know is that the issues raised by Justice Prosser were not meaningfully briefed, argued, or otherwise vetted.
¶ 63. In other words, then, the analysis in Justice Prosser's dissent could become the law of the state, but I conclude that it is more prudent to have the issue clearly presented, fully briefed, and argued before reaching such a conclusion. In fact, there may be other bases upon which claims of those in Valadez's position are time-barred but that should be determined only after meaningful briefing and argument.
¶ 64. I also concur to clarify that this case should not be read as modifying our prior case law on depor *355 tation, including State v. Shata, 2015 WI 74, 364 Wis. 2d 63, 868 N.W.2d 93,[3] State v. Ortiz-Mondragon, 2015 WI 73, 364 Wis. 2d 1, 866 N.W.2d 717,[4] and State *356 v. Negrete, 2012 WI 92, 343 Wis. 2d 1, 819 N.W.2d 749. Fundamentally, this court's opinion, unlike the court's previous opinions, is about the single adverse immigration consequence of exclusion from admission to this country. Importantly, however, this case again highlights the need for circuit courts to take the time to properly administer the warning mandated by Wis. Stat. § 971.08(l)(c).
¶ 65. In short, I join the opinion of the court and its conclusion that Valadez has shown that her pleas are likely to result in her exclusion from admission to this country. I would remand for further proceedings, which may indeed result in withdrawal of Valadez's guilty pleas or perhaps, could result in a determination of how to proceed if the State has somehow preserved the issues raised by Justice Prosser. If so, the circuit court could be called upon to decide on remand whether Valadez's motion to withdraw her guilty pleas is time-barred. Regardless, the opinion of this court should not be viewed as resolving the question of how long is too long to wait to bring a challenge based upon the failure of a court to give the warning required under Wis. Stat. § 971.08(l)(c). Similarly, the opinion certainly does not conclude that the amount of time that Valadez waited to file her motion for plea withdrawal was reasonable, or that Valadez's claim was otherwise timely. I decline to join Justice Prosser's dissent, because I conclude that this court could benefit from a thorough vetting of the issue having had the issue fully briefed and argued. Finally, today's opinion does not alter our deportation case law.
¶ 66. For the foregoing reasons, I respectfully concur in part and dissent in part.
*357 ¶ 67. I am authorized to state that Justice MICHAEL J. GABLEMAN joins this opinion.

 If the opinion of the court is read to resolve this issue, then it is in fact only a lead opinion, since it would have failed to garner a majority of votes.

 In Shata we concluded in part:
Shata is not entitled to withdraw his guilty plea because he did not receive ineffective assistance of counsel. Specifically, Shata's attorney did not perform deficiently. Shata's attorney was required to "give correct advice" to Shata about the possible immigration consequences of his conviction. Shata's attorney satisfied that requirement by correctly advising Shata that his guilty plea carried a "strong chance" of deportation. Shata's attorney was not required to tell him that his guilty plea would absolutely result in deportation. In fact, Shata's deportation was not an absolute certainty Executive action, including the United States Department of Homeland Security's exercise of prosecutorial discretion, can block the deportation of deportable aliens.
State v. Shata, 2015 WI 74, ¶ 79, 364 Wis. 2d 63, 868 N.W.2d 93 (citation omitted).

 In Ortiz-Mondragon, we concluded in part:
Ortiz-Mondragon is not entitled to withdraw his no-contest plea to substantial battery because he did not receive ineffective assistance of counsel. Specifically, his trial counsel did not perform deficiently. Because federal immigration law is not "succinct, clear, and explicit" in providing that OrtizMondragon's substantial battery constituted a crime involving moral turpitude, his attorney "needled] [to] do no more than advise [him] that pending criminal charges may carry a risk of adverse immigration consequences." Ortiz-Mondragon's trial attorney satisfied that requirement by conveying the information contained in the plea questionnaire and waiver of rights form— namely, that Ortiz-Mondragon's "plea could result in deportation, the exclusion of admission to this country, or the denial of naturalization under federal law." Counsel's advice was correct, not deficient, and was consistent with Wis. Stat. § 971.08(l)(c). In addition, Ortiz-Mondragon's trial attorney did not perform deficiently by failing to further research the immigration consequences of the plea agreement.
State v. Ortiz-Mondragon, 2015 WI 73, ¶ 70, 364 Wis. 2d 1, 866 N.W.2d 717 (citation omitted).